**Bruce F. KELLY, Appellant,**

v.

**Mary Beth MURPHY, Appellee.**

**No. 18033.**

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 4, 1982.

Rehearing Denied March 11, 1982.

Bruce F. Kelly, Houston, for appellant.

James R. Clark, Houston, for appellee.

Before EVANS, C. J., and DUGGAN and WARREN, JJ.

DUGGAN, Justice.

Appellant, Bruce Kelly, an attorney, sued Appellee, Mary Beth Murphy, his former client, seeking quantum meruit recovery of attorney's fees for legal services rendered. Trial was before the court, which entered a take-nothing judgment against the appellant. We affirm the judgment.

Testimony by both parties established that appellee had initially contacted appellant in December of 1974 regarding a minor automobile collision that had occurred in a church parking lot earlier that month. Appellee sought recovery of $136.70 in property damages sustained to her vehicle. Appellant promptly filed a negligence suit for appellee in justice of the peace court, seeking recovery of property damages and alternative transportation expenses totalling $200. The suit was met by a cross-action, resulting in the filing of further pleadings by both sides. Although represented by appellant, appellee filed a pro se response to interrogatories propounded by the defendant and cross-plaintiff. In her response, appellee disclosed lost wages, physical ailments, prior medical treatment and hospitalization bills incurred for periods both before and after the collision. In light of this information, which was apparently unknown to him earlier, appellant non-suited the $200 justice of the peace action he had filed for appellee, and refiled in County Court, alleging $211.40 in property damages and $4,500 in damages for personal injuries and medical and hospital expenses. After learning that her justice court lawsuit had been non-suited and a new suit filed on her behalf by appellant, appellee hired a second lawyer who dismissed the new lawsuit at her request. Appellant formally withdrew as attorney of record and filed this suit to recover in quantum meruit the value of attorney's fees for his representation of appellee.

Conflicting testimony was given at trial as to whether appellee had authorized appellant to non-suit the original justice court action and refile for increased damages, and as to whether her physical ailments and medical damages resulted from the original automobile collision or from her later increasing apprehension as to the direction and magnitude that her original $136.70 property damage case had taken. It was undisputed that appellee did not execute or return to appellant the proposed written attorney-client contingency fee contract that he had prepared and forwarded to her, and which he requested that she sign and return on several occasions. No timely re-

quest for findings of fact or conclusions of law was made by appellant, and none were filed by the court. A statement of facts appears in the record.

■ In his first and third points of error, appellant alleges that the trial court erred in ruling against him by denying recovery of any fee, since he clearly had shown that a contractual relationship existed between himself and appellee, and that he had rendered legal services on her behalf. Where no findings of fact or conclusions of law are timely requested or filed, it is presumed on appeal that the trial court found every fact necessary to support the judgment, and the judgment will be affirmed if it can be upheld on any legal theory that finds support in the evidence. *Davis v. Huey*, 571 S.W.2d 859 (Tex.1978). In reviewing the record to determine if there is any evidence supporting the judgment and its presumed findings, it is proper to consider only the evidence favorable to the issues and to disregard all evidence or inferences to the contrary. *Carter v. William Sommerville and Son, Inc.*, 584 S.W.2d 274 (Tex.1979). Since it was established by both parties without dispute that a contractual relationship of attorney and client existed between appellant and appellee for the initial $136.70 property damage claim and that legal services were performed, it is presumed for our purposes that these facts were so found by the trial court. Contrary findings would not have been supported by the evidence. *Davis, supra; Philen v. Sorenson*, 609 S.W.2d 656 (Tex.Civ.App.—Tyler 1980, writ ref'd n. r. e.). However, findings of an attorney-client relationship and performance of legal service are not dispositive of the case. Despite such presumed findings, the judgment denying recovery of any attorney fees can be upheld on several legal theories finding support in the evidence, only three of which will be discussed.

■ This court has previously held that an attorney damaged by a breach of contract by his client may treat the contract as rescinded and recover upon quantum meruit so far as he has performed. *Howell v. Kelly*, 534 S.W.2d 737 (Tex.Civ.App.—Houston [1st Dist.] 1976, n. w. h.). However, our Supreme Court has also held that an attorney who has *himself* breached the contract may not recover for services performed thereunder, whether on a contract basis or in quantum meruit. *Royden v. Ardoin*, 160 Tex. 338, 331 S.W.2d 206 (1960).

■ The relationship between attorney and client is one of a specialized agency; the attorney-agent may not act beyond the scope of authorization granted by the client-principal. *Breen v. Beto*, 421 F.2d 945 (5th Cir. 1970). While an attorney is generally presumed to be acting within the authority given by the client, it is a rebuttable presumption. *West v. City National Bank of Birmingham*, 597 S.W.2d 461 (Tex. Civ.App.—Beaumont 1980, n. w. h.). The appellee testified that appellant's non-suit of her justice court suit and his ensuing filing of a county court at law action in her name were without her consent, and it is presumed on appeal that the trial court so found. Upon learning of the non-suit and refiling, appellee retained new counsel to dismiss the action. Unauthorized legal actions by an attorney, particularly the dismissal of a lawsuit or claim for damages beyond those sought by the client, constitute breach of the attorney-client relationship. *West*. Thus it was appellant's own unauthorized actions that breached the contract and resulted in his inability to realize any profit under the contract. Given these facts, judgment against appellant in quantum meruit was proper.

As a second alternative theory, we find that our *Howell* decision, *supra*, cited by appellant (and in which appellant here was the attorney there involved), is applicable as a valid statement of the law, but is distinguishable on the facts. While Mr. Kelly's client in *Howell* failed to plead just cause for discharging Kelly, the appellee here both pleaded and proved grounds for justifiable discharge, both by presumption on appeal and as a matter of law. Quantum meruit recovery was properly denied by the trial court.

Lastly, even if the trial court had denied recovery for the appellant's unauthorized

county court action, but had entertained consideration of partial recovery as to the original $200 lawsuit, we note that appellant claimed damages of $7,300 in the aggregate, and failed to separately value his work done on the two lawsuits.

In his second point of error, appellant argues, multifariously, that the trial court erred in continually allowing appellee to make inconsistent and perjured statements, without allowing appellant to expose such contradictions and perjury. Appellant directs our attention to voluminous instances of alleged perjury in the record. His claim is without merit. Closer examination reveals that each such instance is either a mere inconsistent statement upon an immaterial matter, or a lapse of recollection as to matters occurring several years before, or a situation of self-confessed confusion during appellant's cross-examination. Other statements complained of wholly fail to reveal any inconsistency. Appellant fails to cite any attempted impeachment that was improperly precluded by the trial court. We find no instances of perjured testimony in the record by either appellee or her attorney on appeal.

Neither do we find any error by the trial court in having excluded certain documentary evidence offered by appellant to prove his services rendered, as complained of in his fourth point of error. Appellant was not denied any opportunity to testify as to work performed on appellee's behalf, and he did testify to having expended over ninety hours billable time. He further testified that $75 per hour was a reasonable fee. See *Fox v. Boese*, 566 S.W.2d 682 (Tex.Civ. App.—Houston [1st Dist.] 1978, writ ref'd n. r. e.). There being no dispute that legal services were performed, admission of the physical documentation as proof of services was not necessary. No error is shown.

The judgment below is affirmed.