

# NUMBER 13-13-00644-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE OLD AMERICAN COUNTY MUTUAL FIRE INSURANCE COMPANY

### On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion by Justice Rodriguez[1]

Relator, Old American County Mutual Fire Insurance Company ("Old American"), filed a petition for writ of mandamus in the above cause on November 20, 2013, contending through several issues that the trial court erred in granting a motion for new trial following a default judgment. The Court requested a response to the petition for writ of mandamus, and after granting extensions, received the response from the real parties

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

in interest, Jose Angel Cavazos, individually and as next friend of Sergio Javier Cavazos, and Lynette Garza, and further received a reply thereto from Old American. We deny the petition for writ of mandamus.

## I. BACKGROUND

Jose Angel Cavazos and Sergio Javier Cavazos ("Cavazos") were involved in an automobile accident with a vehicle that was being driven by Lynette Garza. At the time of the accident, the vehicle operated by Garza was insured under a Texas personal automobile insurance policy issued by Old American, and insurance claim number 23502 was filed pursuant to the accident. Cavazos brought a personal injury lawsuit against Garza in cause number CL-11-2678-F in County Court at Law No. 4 of Hidalgo County as a result of the collision. Garza failed to answer or appear. On January 19, 2012, Cavazos obtained a default judgment against Garza for personal injury damages totaling $230,000.00 and prejudgment and postjudgment interest.

On April 30, 2012, Cavazos obtained an order for turnover relief in enforcement of the judgment providing that Garza's claims against Old American, if any, be turned over to Cavazos. The turnover order provides, in relevant part, that Garza owned causes of action against Old American and other insurance agencies pursuant to the insurance policy for, inter alia, fraud, breach of fiduciary duty, negligence, breach of contract, deceptive trade practices, bad faith, and violations of the Texas Insurance Code. The turnover order stated that the "[p]laintiffs are the owners of said cause[s] of action by virtue of this Order."

After Cavazos obtained the default judgment against Garza, but before rendition

2

of the turnover order, on February 21, 2012, Old American filed a separate lawsuit against Garza and Cavazos, in cause number C0516-12-G, in the 370th District Court of Hidalgo County. In that suit, Old American sought declaratory relief that: the Old American policy provided no coverage for the default judgment obtained by Cavazos against Garza; that Old American had no duty to defend Garza; and that Old American had no liability to Garza or to Cavazos, derivatively. Following an extended period of time during which Old American obtained substituted service on the defendants, on March 4, 2013, Cavazos, represented by Armando Marroquin, filed an answer to the lawsuit which included a counterclaim against Old American. The answer and counterclaim described the automobile accident, the insurance claim that was filed, the lawsuit in cause number CL-11-1678-F, Garza's failure to answer the lawsuit, the default judgment, and the rendition of the turnover order assigning Garza's causes of action against Old American to Cavazos. According to the counterclaim, Old American had notice of the lawsuit and the default judgment, but nevertheless failed to answer or make an appearance for Garza.

On April 17, 2013, Old American filed a motion for default judgment against Garza in the separate proceeding for declaratory relief. The trial court signed an order setting the hearing on Old American's motion for default judgment for May 21, 2013 at 8:00 a.m. The order setting the motion for hearing shows that copies of the order were provided to counsel for Old American but not the other parties to the case. On May 2, 2013, Old American sent a letter to Marroquin incorrectly advising that the hearing on the motion for default judgment against Garza had been set for hearing on May 23, 2013 at 8:00 a.m. On May 21, 2013, the trial court proceeded with the default judgment hearing. Old

3

American appeared at the default judgment hearing, despite the fact that its notice letter to the other parties included the incorrect date for the hearing, but Marroquin, or other counsel for Cavazos or Garza, did not. That same day, the trial court signed the default judgment against Garza. The default judgment included declarations that Garza did not request a defense to the lawsuit from Old American, that Garza did not cooperate in the defense of the lawsuit, and that Old American had no duty to defend or indemnify Garza, and that Old American had no liability to Cavazos through the default judgment or otherwise. The judgment further included awards of attorney's fees. The default judgment, rendered in the original cause number, also severed the action between Old American and Garza into cause number C-0516-12-G1, "thereby making this judgment final and immediately appealable."

On May 22, 2013, the day after the hearing and default judgment were rendered, and the day before the incorrect hearing date set forth in Old American's notice letter, Marroquin filed an answer on behalf of Garza in cause number C-0516-12G. The following day, on May 23, 2013, Marroquin filed a verified motion for new trial and motion for sanctions on behalf of Garza in cause number C-0516-12G. The motion for new trial and for sanctions alleged that counsel for Old American intended to deceive Marroquin and his clients regarding the hearing date and that counsel intentionally omitted Marroquin's name from the order he drafted setting the hearing date on the motion for default so that the district clerk would not send notice of the hearing to Marroquin. Marroquin further asserted that Jose and Sergio Cavazos "intended to file an answer on behalf of [Garza] as they own the cause of action, if any which [Garza] may have against

4

Old American" and that if counsel for Old American had "been truthful . . . about the hearing date, the answer . . . would have been timely and a default would not have occurred." The motion for new trial and sanctions further asserted that the failure to appear was not intentional or the result of conscious indifference, and that *Craddock v. Sunshine Bus Lines, Inc.* did not apply because there was no notice of the hearing. *See* 133 S.W.2d 124, 126 (Tex. 1939).[2] Marroquin further sought sanctions against Old American's counsel for "misleading conduct."

On May 30, 2013, in the original cause number C-0516-12G, Old American filed a verified motion challenging Marroquin's authority to represent Garza. On August 26, 2013, Marroquin filed a brief on behalf of Garza in support of his position. The brief contended that Marroquin had authority to represent his interests based on the default judgment taken by Cavazos against Garza and the resulting turnover order. Garza also argued in favor of a new trial. According to the brief, Cavazos "own[s] all of the causes of action held by [Garza], including those in this case," and "[t]his establishes the authority to pursue any and all actions by [Garza] against Old American."

The trial court held hearings on June 5, 2013 on the motion for new trial, and again on June 17, 2013 on the motion or new trial and on Old American's motion to show

---

[2] *Craddock* established the circumstances under which a trial court "must," or is "required to," set aside a default judgment and order a new trial. *See Milestone Operating, Inc. v. ExxonMobil Corp.*, 388 S.W.3d 307, 309 (Tex. 2012) (discussing *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939)). Under *Craddock*, a default judgment should be set aside and a new trial granted if (1) the failure to answer or appear was not intentional or the result of conscious indifference but was due to a mistake or accident, (2) the defendant sets up a meritorious defense, and (3) the motion is filed at such time that granting a new trial would not result in delay or otherwise injure the plaintiff. *See Cliff v. Huggins*, 724 S.W.2d 778, 779 (Tex. 1987); *Craddock*, 133 S.W.2d at 126; *Tactical Air Def. Servs., Inc. v. Searock*, 398 S.W.3d 341, 344 (Tex. App.—Dallas 2013, no pet.).

5

authority.[3]   On August 29, 2013, the trial court signed an order finding that Marroquin had the authority to represent Garza and granting Garza's motion for new trial.

This original proceeding ensued.   Old American contends that the new trial order in this case was either void or an abuse of discretion.   Old American raises five issues: (1) where a party moves for new trial on *Craddock* grounds, that party must show evidence of all three elements of *Craddock* to be entitled to a new trial; thus if evidence of any of the three is missing, the motion must be denied; (2) where a party claims, as one of its *Craddock* grounds, that default was not intentional or the result of conscious indifference, that party must show that the party, as well as its attorney, was not behaving with intent or conscious indifference; moreover, a claim that a defaulting party lacked notice must relate that notice to a deadline to answer, not to the hearing on the default, of which the defaulting party is entitled to no notice; (3) among the three *Craddock* prongs is the need to show a meritorious defense, and the party seeking a new trial cannot put on evidence of a meritorious defense where, as a matter of law, the party has no defense; (4) where the motion for new trial was filed under the wrong cause number, it did not extend the trial court's plenary power rendering the order granting new trial void as a matter of law when rendered after plenary power expired; and (5) where the putative attorney for the defaulting party did not have authority to answer for or appear for the defaulting party, he should have been disqualified and the answer and motions he filed on her behalf struck, rendering the order granting new trial void.   *See id.*

## II. STANDARD OF REVIEW

_____

[3] Old American did not provide the Court with the transcripts of these hearings but asserts that they were not evidentiary.   *See* TEX. R. APP. P. 52.7(a)(2).

6

Mandamus is appropriate when the relator demonstrates that the trial court clearly abused its discretion and the relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). The relator has the burden of establishing both prerequisites to mandamus relief, and this burden is a heavy one. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding).

A trial court clearly abuses its discretion if it reaches a decision that is so arbitrary and unreasonable that it amounts to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). The adequacy of an appellate remedy must be determined by balancing the benefits of mandamus review against the detriments. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). Because this balance depends heavily on circumstances, it must be guided by the analysis of principles rather than the application of simple rules that treat cases as categories. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 464 (Tex. 2008) (orig. proceeding). We evaluate the benefits and detriments of mandamus review and consider whether mandamus will preserve important substantive and procedural rights from impairment or loss. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

### III. PLENARY POWER

Because jurisdiction is fundamental, we first address Old American's contention that the trial court acted outside of its plenary power in granting the motion for new trial.

Specifically, by its fourth issue, Old American contends that, because Garza's motion for new trial was filed under the wrong cause number, it did not extend the trial court's plenary power and the order granting new trial was therefore void as a matter of law because it was rendered after plenary power expired. In this case, the default judgment was entered in the main cause number, but recites that the action between Old American and Garza was severed into the subsidiary cause. All subsequent pleadings, including Garza's motion for new trial and sanctions, Old American's response thereto, Old American's motion to show authority, and Garza's brief in support of authority and granting of new trial were also filed in the original main cause number.

Mandamus is appropriate where a trial court has issued an order after the expiration of its plenary power because such orders are void. *In re Brookshire Grocery Co.*, 250 S.W.3d 66, 68–69 (Tex. 2008) (orig. proceeding); *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding)). Where the trial court has issued a void order, a relator need not show he lacks an adequate remedy by appeal, and mandamus relief is appropriate. *In re Sw. Bell Tel. Co.*, 35 S.W.3d at 605; *see In re Dickason*, 987 S.W.2d 570, 571 (Tex. 1998) (orig. proceeding) (per curiam). Relief may be granted to set aside an order issued on the merits of a case after the trial court's plenary power expires. *In re Daredia*, 317 S.W.3d 247, 250 (Tex. 2010) (orig. proceeding). Because mandamus is a proper remedy in a case which alleges that a judgment is void, we proceed to the merits of Old American's complaints.

In *Philbrook v. Berry*, the Texas Supreme Court held that a motion for new trial which was filed in the wrong cause number "did not operate to extend the court's plenary

power over its judgment beyond the thirty days." 683 S.W.2d 378, 379 (Tex. 1985). While the Texas Supreme Court has yet to explicitly overrule *Philbrook*, "the Texas Supreme Court has all but expressly overruled the decision." *Leal v. City of Rosenberg*, 17 S.W.3d 385, 386 (Tex. App.—Amarillo 2000, no pet.) (concluding that a motion for new trial filed in the wrong cause number extended the appellate deadlines); *see also Paselk v. Rabun*, 293 S.W.3d 600, 606 (Tex. App.—Texarkana 2009, pet. denied) (concluding that a motion for new trial extended the appellate deadlines despite being filed in the wrong cause number). In subsequent cases, the supreme court has distinguished or limited *Philbrook*'s holding. *See Blankenship v. Robins*, 878 S.W.2d 138, 138–39 (Tex. 1994) (distinguishing *Philbrook* on grounds that a motion for new trial in the wrong cause number is sufficient when both the parties and the court ignore the severance and there is a bona fide attempt to invoke appellate jurisdiction); *Tex. Instruments, Inc. v. Teletron Energy Mgmt., Inc.*, 877 S.W.2d 276, 278 (Tex. 1994) (questioning *Philbrook* and concluding that a statement of facts was filed timely even though the extension of the December 2 deadline was ordered in the wrong proceeding); *McRoberts v. Ryals*, 863 S.W.2d 450, 454–55 (Tex. 1993) (distinguishing *Philbrook* when severed cause was never assigned cause number because counsel "faced the impossible dilemma of having to timely file his motion for new trial under a nonexistent cause number"); *Rodriguez*, 828 S.W.2d at 418 (questioning *Philbrook* and determining that an incorrectly transcribed cause number does not deprive the court of appeals of jurisdiction if it "is a bona fide attempt to invoke appellate jurisdiction").[4]

---

[4] We note that the court of appeals has jurisdiction over any appeal where the appellant files an instrument that was filed in a bona fide attempt to invoke appellate court jurisdiction. *In re J.M.*, 396 S.W.3d

9

We conclude that the motion for new trial, albeit filed under the main cause number instead of the severed cause number, extended the trial court's plenary power. *See Blankenship*, 878 S.W.2d at 138–39; *Paselk*, 293 S.W.3d at 606; *Leal*, 17 S.W.3d at 386. The motion for new trial was timely filed. There was no confusion between the parties or the trial court regarding the events at issue or the ruling subject to the motion for new trial. The motion for new trial and for sanctions specifically referenced the judgment rendered on May 21, 2013, entitled "Judgment as to Defendant Lynette Garza." Further, Old American's response to Garza's motion for new trial and for sanctions was also filed in the main cause without any reference to the severed cause. And finally, the motion for new trial was a bona fide attempt to invoke appellate jurisdiction. We note that Old American has not argued that it was misled or disadvantaged in any way by the fact that the motion for new trial was filed in the main cause number. *Cf. Rodriguez*, 828 S.W.2d at 418.

---

528, 531 (Tex. 2013) (per curiam) ("A party complies with Rule 25.1 by making a bona fide attempt to invoke appellate jurisdiction."); *Sweed v. Nye*, 323 S.W.3d 873, 875 (Tex. 2010) (per curiam) ("[T]his Court has consistently held that a timely filed document, even if defective, invokes the court of appeals' jurisdiction."); *In re K.A.F.*, 160 S.W.3d 923, 927–28 (Tex. 2005) ("[A] court of appeals has jurisdiction over an appeal if the appellant timely files an instrument in a bona fide attempt to invoke the appellate court's jurisdiction."); *Linwood v. NCNB Tex.*, 885 S.W.2d 102, 103 (Tex. 1994) ("The court of appeals . . . has jurisdiction over the appeal if a party files an instrument in a bona fide attempt to invoke the appellate court's jurisdiction."). This principle reflects the policy embodied in the appellate rules that disfavors disposing of appeals based upon harmless procedural defects, and thus we construe the rules reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule. *Verburgt v. Dorner*, 959 S.W.2d 615, 616–17 (Tex. 1997); *see Maxfield v. Terry*, 888 S.W.2d 809, 811 (Tex. 1994) (holding that the rules should be interpreted liberally to give appellate courts the opportunity to reach the merits of an appeal whenever possible). Thus, we consider whether an instrument was filed in a bona fide attempt to invoke appellate jurisdiction, rather than the form or the substance of the perfecting instrument, in determining whether an appellate court has obtained jurisdiction over an appeal. *See Warwick Towers Council of Co-Owners ex. rel. St. Paul Fire & Marine Ins. Co. v. Park Warwick, L.P.*, 244 S.W.3d 838, 839 (Tex. 2008) (citing *Walker v. Blue Water Garden Apartments*, 776 S.W.2d 578, 581 (Tex. 1989)); *see, e.g., CMH Homes v. Perez*, 340 S.W.3d 444, 452–53 (Tex. 2011) (appellant invoked appellate jurisdiction by specifically requesting that its appeal be treated as a mandamus petition).

In this case, the default judgment was entered on May 21, 2013. The trial court retains jurisdiction over a case for a minimum of thirty days after a final judgment, during which time the court has plenary power to change its judgment. *See* TEX. R. CIV. P. 329b(d); *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 310 (Tex. 2000). The motion for new trial was timely filed on May 23, 2013. *See* TEX. R. CIV. P. 329b(a). The motion for new trial extended the trial court's plenary power for an additional seventy-five days. *See id.* R. 329b(c),(e),(g). The motion for new trial was overruled by operation of law on August 6, 2013. However, when a motion for new trial is timely filed, the trial court has plenary power to vacate, modify, correct, or reform the judgment until thirty days after the motion is overruled, either by a written order or by operation of law, whichever comes first. *See* TEX. R. CIV. P. 329b(e)*; Moritz v. Preiss*, 121 S.W.3d 715, 720 (Tex. 2003). Thus, the court's plenary power may ultimately be extended 105 days after the judgment was signed. *Lane Bank Equip. Co.*, 10 S.W.3d at 310. The trial court granted the motion for new trial on August 29, 2013, which was within this extended period of time. We overrule Old American's fourth issue.

## IV. RULE 12 MOTION TO SHOW AUTHORITY

By its fifth issue, Old American contends that Marroquin did not have authority to answer for or appear for Garza, and thus, he should have been disqualified and the answer and motions he filed on her behalf struck, rendering the order granting new trial void.

There is a general presumption that an attorney is acting with authority; however, that presumption is rebuttable. *Breceda v. Whi*, 187 S.W.3d 148, 152 (Tex. App.—El

11

Paso 2006, no pet.); *Kelly v. Murphy*, 630 S.W.2d 759, 761 (Tex. App.—Houston [1st Dist.] 1982, writ ref'd n.r.e.). Rule 12 allows a party to argue before the trial court that a suit is being prosecuted or defended without authority:

> A party in a suit or proceeding pending in a court of this state may, by sworn written motion stating that he believes the suit or proceeding is being prosecuted or defended without authority, cause the attorney to be cited to appear before the court and show his authority to act. The notice of the motion shall be served upon the challenged attorney at least ten days before the hearing on the motion. At the hearing on the motion, the burden of proof shall be upon the challenged attorney to show sufficient authority to prosecute or defend the suit on behalf of the other party. Upon his failure to show such authority, the court shall refuse to permit the attorney to appear in the cause, and shall strike the pleadings if no person who is authorized to prosecute or defend appears. The motion may be heard and determined at any time before the parties have announced ready for trial, but the trial shall not be unnecessarily continued or delayed for the hearing.

TEX. R. CIV. P. 12; *see Boudreau v. Fed. Trust Bank*, 115 S.W.3d 740, 741 (Tex. App.—Dallas 2003, pet. denied). When a party files a rule 12 motion to show authority, the challenged attorney must appear before the trial court to show his authority to act on behalf of his client. TEX. R. CIV. P. 12; *R.H. v. Smith*, 339 S.W.3d 756, 762 (Tex. App.—Dallas 2011, no pet.). The primary purpose of rule 12 is to enforce a party's right to know who authorized the suit. *Angelina Cnty. v. McFarland*, 374 S.W.2d 417, 422–23 (Tex. 1964); *Smith*, 339 S.W.3d at 762; *Boudreau*, 115 S.W.3d at 742.

Appellate courts review a trial court's ruling on a motion to show authority for an abuse of discretion. *Urbish v. 127th Jud. Dist. Court*, 708 S.W.2d 429, 432 (Tex. 1986); *Smith*, 339 S.W.3d at 762. A trial court abuses its discretion when it acts arbitrarily or unreasonably, without reference to guiding rules or principles. *Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011). A trial court also abuses its discretion by failing to analyze or apply the

12

law correctly.  *Iliff*, 339 S.W.3d at 78; *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

An order on a rule 12 motion is typically an interlocutory order that is not appealable until it is merged into a final judgment.  *In re Guardianship of Benavides*, 403 S.W.3d 370, 373–74 (Tex. App.—San Antonio 2013, pet. denied); *State Bd. of Ins. v. Williams*, 736 S.W.2d 259, 260–61 (Tex. App.—Austin 1987, no writ).  As a general rule, mandamus relief is not available to review an order regarding a motion to show authority because the trial court's ruling on a motion to show authority can be remedied by appeal. *In re Trident Steel Corp.*, No. 07-13-00415-CV, 2014 WL 230933, at *1 (Tex. App.— Amarillo Jan. 21, 2014, orig. proceeding [mand. filed]); *In re Roberts*, 18 S.W.3d 736 (Tex. App.—San Antonio 2000, orig. proceeding); *State Bd. of Ins.*, 736 S.W.2d at 260.  As with mandamus review generally, however, exceptional cases may justify mandamus review.  *See In re Salazar*, 315 S.W.3d 279, 287 (Tex. App.—Fort Worth 2010, orig. proceeding) (explaining that review was available because the failure to correct the trial court's abuse of discretion would "so skew[ ] the litigation process that any subsequent remedy by appeal [would be] inadequate"); *In re Murray*, 268 S.W.3d 279, 285 (Tex. App.—Waco 2008, orig. proceeding) (concluding that the attorney general could be appointed as attorney pro tem to represent the state in the removal action of a justice of the peace).

In the instant case, Marroquin claimed authority by virtue of the turnover order vesting ownership of Garza's causes of action in Cavazos.  Generally, causes of action are assignable and constitute property subject to turnover.  *See D & M Marine, Inc. v.*

13

*Turner*, 409 S.W.3d 853, 857 (Tex. App.—Fort Worth 2013, no pet.); *Main Place Custom Homes, Inc. v. Honaker*, 192 S.W.3d 604, 627 (Tex. App.—Fort Worth 2006, pet. denied); *S. Cnty. Mut. Ins. Co. v. Ochoa*, 19 S.W.3d 452, 464–65 (Tex. App.—Corpus Christi 2000, no pet.); *Charles v. Tamez*, 878 S.W.2d 201, 205 (Tex. App.—Corpus Christi 1994, writ denied); *see also* TEX. PROP. CODE ANN. § 12.014 (West, Westlaw through 2013 3d C.S.). Specifically permitted as subjects of a turnover order are "causes of action against third parties to a judgment creditor who [has] the same interest in pursuing them to maximum value as the judgment debtor." *Turner*, 409 S.W.3d at 857 (quoting *Assoc. Ready Mix, Inc. v. Douglas*, 843 S.W.2d 758, 762 (Tex. App.—Waco 1992, orig. proceeding). Courts look beyond the nominal parties, and treat all those whose interests are involved in the litigation, and who conduct and control the action or defense, as real parties, and hold them bound by any judgment which may be rendered. *Ex parte Foster*, 144 Tex. 65, 188 S.W.2d 382, 384 (1945); *Am. Indem. Co. v. Fellbaum*, 114 Tex. 127, 263 S.W. 908, 910 (1924); *Ochoa*, 19 S.W.3d at 464–65; *Elliott v. Hamilton*, 767 S.W.2d 262, 263 (Tex. App.—Beaumont 1989, writ denied); *Credit Bureau of Laredo, Inc. v. State*, 515 S.W.2d 706, 709 (Tex. Civ. App.—San Antonio 1974), *aff'd*, 530 S.W.2d 288 (Tex. 1975).

In this case, the turnover order effected an assignment to Cavazos of all the claims that Garza had against Old American. An assignee may file suit and recover either in his own name or in the name of the assignor. *Tex. Mach. & Equip. Co. v. Gordon Knox Oil & Exploration Co.*, 442 S.W.2d 315, 317 (Tex. 1969); *Ochoa*, 19 S.W.3d at 464–65; *Graco Robotics, Inc. v. Oaklawn Bank*, 914 S.W.2d 633, 639 (Tex. App.—Texarkana 1995, writ dism'd w.o.j.). Whatever name chosen to sue under, when a cause of action

14

is assigned or transferred, the assignee becomes the real party in interest with the authority to prosecute the suit to judgment. *Ochoa*, 19 S.W.3d at 464–65. The assignee, being the real party in interest and in control of the lawsuit, is also in privity with the nominal party such that the judgment therein will bind it as a party. *See HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 890 (Tex. 1998); *Ochoa*, 19 S.W.3d at 464–65.

Assuming without deciding that the circumstances presented in this case are "exceptional," thereby meriting mandamus review, we conclude based on the foregoing that the trial court did not abuse its discretion in determining that Marroquin had authority to answer the lawsuit and file the motion for new trial. We overrule Old American's fifth issue.

## V. MOTION FOR NEW TRIAL

By its first three issues, Old American contends generally that Garza failed to meet the *Craddock* standards for obtaining a new trial following a default judgment.[5] In

---

[5] Old American's arguments with regard to these issues are premised on the validity of its default judgment, which was rendered without proper or correct notice of the default judgment hearing given to either Cavazos or Garza. After a defendant is served with the citation and petition, the plaintiff has no legal duty to notify the defendant before taking a default judgment on the causes of action asserted in the served petition. *Schoendienst v. Haug*, 399 S.W.3d 313, 316 (Tex. App.—Austin 2013, no pet.); *Novosad v. Cunningham*, 38 S.W.3d 767, 772–73 (Tex. App.—Houston [14th Dist.] 2001, no pet.); *Cont'l Carbon Co. v. Sea-Land Serv., Inc.*, 27 S.W.3d 184, 188–89 (Tex. App.—Dallas 2000, pet. denied); *Brooks v. Assocs. Fin. Servs. Corp.*, 892 S.W.2d 91, 94 (Tex. App.—Houston [14th Dist.] 1994, no writ); *Long v. McDermott*, 813 S.W.2d 622, 624 (Tex. App.—Houston [1st Dist.] 1991, no writ). In contrast, if the defendant has answered or "appeared" in some manner, due process thereafter entitles the defendant to notice of any trial setting—and that includes a hearing on a motion for default judgment. *See LBL Oil Co. v. Int'l Power Servs., Inc.*, 777 S.W.2d 390, 390–91 (Tex. 1989); *Schoendienst*, 399 S.W.3d at 316; *In re Marriage of Runberg*, 159 S.W.3d 194, 197 (Tex. App.—Amarillo 2005, no pet.). A party enters a general appearance when he (1) invokes the judgment of the court on any question other than the court's jurisdiction, (2) recognizes by his acts that an action is properly pending, or (3) seeks affirmative action from the court. *Exito Electronics Co., Ltd. v. Trejo*, 142 S.W.3d 302, 304 (Tex. 2004); *Sedona Pac. Hous. P'ship v. Ventura*, 408 S.W.3d 507, 512 (Tex. App.—El Paso 2013, no pet.); *see Dawson–Austin v. Austin*, 968 S.W.2d 319, 322 (Tex. 1998). If, after the defendant has answered or otherwise "appeared," the plaintiff proceeds to obtain the default judgment without notice, due process requires that the judgment be set aside. *See LBL Oil Co.*, 777 S.W.2d at 390–91; *Runberg*, 159 S.W.3d at 197. In this case, Cavazos had answered and appeared through Marroquin and had asserted ownership of Garza's claims and causes of action against

15

connection with these issues, Old American contends that mandamus relief is available to correct an order erroneously granting a new trial.   Citing *In re Columbia Medical Center of Las Colinas, Subsidiary, L.P.*, Old American argues that the loss of the "benefit of a final judgment" that then causes a defendant to needlessly "endure . . . the time, trouble, and expense of the second trial" may constitute, in appropriate situations, the basis for mandamus relief.   290 S.W.3d 204, 209–10 (Tex. 2009) (orig. proceeding).   Old American contends that the trial court's alleged error will cause it the "needless time, trouble, and expense of a trial," and that the appellate court will be denied the "meaningful opportunity to correct the error if it cannot be challenged now by mandamus."   Old American further cites *In re Toyota Motor Sales, U.S.A., Inc.*, for the proposition that an appellate court may conduct a merits-based review of the reasons given for granting a new trial.   407 S.W.3d 746, 762 (Tex. 2013) (orig. proceeding).

Rule 320 of the Texas Rules of Civil Procedure gives trial courts broad discretion in granting new trials, which may be granted for "good cause," or "in the interest of justice," but that discretion is not "limitless."   *In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d at 213; *see* TEX. R. CIV. P. 320.   Mandamus review of orders granting new trials has evolved significantly in recent years.   In 2009, the Texas Supreme Court granted mandamus review of an order granting a new trial "in the interests of justice and fairness."   *In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d at 206. The Texas Supreme Court stated that "the significance of the issue—protection of the right to jury trial"—rendered the circumstances to be exceptional and justified mandamus

Old American.   Nevertheless, neither Cavazos nor Garza received notice of the hearing on the default judgment.

16

review:

> The Texas Constitution provides that the right of trial by jury "shall remain inviolate." TEX. CONST. art. 1, § 15. The issue before us is whether, after a jury has rendered its verdict, the trial court may disregard that verdict, grant a new trial, and explain its action only as being "in the interests of justice and fairness." We conclude that just as appellate courts that set aside jury verdicts are required to detail reasons for doing so, trial courts must give more explanation than "in the interest of justice" for setting aside a jury verdict.

*Id.* The supreme court also noted that its decisions "preclude, for the most part, appellate review of orders granting new trials." *Id.* at 208 (citing *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 563 (Tex. 2005) (noting that the supreme court has recognized only two instances in which new trial orders are reviewable on appeal: when the trial court's order was void or the trial court erroneously concluded that the jury's answers to special issues were irreconcilably in conflict)). A vague explanation for granting a new trial "when setting aside a jury verdict does not enhance respect for the judiciary or the rule of law, detracts from transparency we strive to achieve in our legal system, and does not sufficiently respect the reasonable expectations of parties and the public when a lawsuit is tried to a jury." *Id.* at 213.

Later that same year, the supreme court reiterated its conclusion that a trial court abuses its discretion by disregarding a jury verdict and granting a new trial without giving its reasons for doing so. *In re E.I. du Pont de Nemours & Co.*, 289 S.W.3d 861, 862 (Tex. 2009) (orig. proceeding). In so doing, however, the court rejected relator's request to review the grounds asserted in the motion for new trial to determine whether granting his motion on any of those grounds would have been an abuse of discretion. *Id.* "We do not presume the trial court limited its consideration of grounds for granting the motion

17

to only the grounds asserted in the motion; it may have granted the motion on other grounds." *Id.* In 2009, the Texas Supreme Court again examined this area of the law in determining that the reasons the judge gave for granting a new trial cannot be considered as a basis for mandamus relief against successor trial judges. *In re Baylor Med. Ctr. at Garland*, 289 S.W.3d 859, 860 (Tex. 2009) (orig. proceeding).

In 2010, the supreme court again revisited its opinion in *Columbia* and reaffirmed that "a trial court acts arbitrarily and abuses its discretion if it disregards a jury verdict and grants a new trial, but does not specifically set out its reasons." *See In re United Scaffolding, Inc.*, 301 S.W.3d 661, 662 (Tex. 2010) (orig. proceeding) (citing *In re Columbia Med. Ctr. of Las Colinas*, 290 S.W.3d at 212–13). The court more specifically held that (1) stating the new trial is granted "in the interests of justice and fairness" is not a sufficiently specific reason, and (2) a relator challenging such an order does not have an adequate remedy by appeal. *Id.*

In 2011, the court again addressed the issue of orders granting new trials that are issued by a successor judge. *In re Cook*, 356 S.W.3d 493, 495 (Tex. 2011) (orig. proceeding). In that case, the court held that "[r]eaffirming the former trial court's order was tantamount to granting the motion for new trial. Consequently, the successor trial court must provide its own statement of the reasons for setting aside a jury verdict." *Id.*

In 2012, the supreme court expounded on the necessity and type of explanation required for a new trial order following a jury verdict. *In re United Scaffolding, Inc.*, 377 S.W.3d 685, 687 (Tex. 2012) (orig. proceeding). The court "reiterated the considerable discretion afforded trial judges in ordering new trials." *Id.* (citing *In re Columbia Med. Ctr.*

18

*of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d at 212).  The court noted that the "considerable discretion" vested in the trial court with regard to ordering new trials "has both jurisprudential justifications (trial judges actually attend the trial and are best suited to evaluate its deficiencies), and practical justifications (most trial judges are understandably reluctant, after presiding over a full trial, to do it all over again)," and concluded that "in considering how detailed a trial court's new-trial order must be, as well as what level of review it is subject to, we must both afford jury verdicts appropriate regard and respect trial courts' significant discretion in these matters."  *Id.*  The court held that "[i]n light of these considerations," a trial court does not abuse its discretion so long as its stated reason for granting a new trial (1) is a reason for which a new trial is legally appropriate (such as a well-defined legal standard or a defect that probably resulted in an improper verdict); and (2) is specific enough to indicate that the trial court did not simply parrot a pro forma template, but rather derived the articulated reasons from the particular facts and circumstances of the case at hand.  *Id.* at 688–89.  The supreme court further denounced the use of "and/or" in the list of rationales for granting a new trial where one stated rationale was "in the interest of justice and fairness" because that practice left open the possibility that "in the interest of justice and fairness" is the sole rationale, and that "that is never an independently sufficient reason for granting a new trial."  *Id.* at 689–90.

Finally, last year the Texas Supreme Court considered a case in which the trial court entered judgment on a jury's take-nothing verdict in a wrongful death product liability case, but then granted a motion for new trial.  *In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d at 749.  The supreme court held that an appellate court may conduct a merits-

19

based mandamus review of a trial court's articulated reasons for granting a new trial. *Id.* at 755. In granting mandamus relief, the supreme court stated:

> We have recently held that a trial court must explain with reasonable specificity why it has set aside a jury verdict and granted a new trial. Without such an explanation, parties in the case can only speculate about why the court ostensibly circumvented a critical constitutional right. The parties—and the public—are entitled to know why the trial court believes an injustice would occur if the jury's verdict were to stand. In this case, the jury returned a verdict, and the trial court rendered a judgment in conformity with it. The trial court then ordered a new trial. The order is reasonably specific. Its stated reasons are superficially sound. The question is whether an appellate court may, in an original proceeding, determine whether the reasonably specific and legally sound rationale is actually true. And if it is not true, we must decide whether the trial court abuses its discretion by granting a new trial.

> We hold that an appellate court may conduct a merits review of the bases for a new trial order after a trial court has set aside a jury verdict. If the record does not support the trial court's rationale for ordering a new trial, the appellate court may grant mandamus relief.

Id. at 748.

In each of the foregoing cases, the Texas Supreme Court addressed the adequacy of new trial orders following a jury trial. None of these cases addressed the validity of new trial orders in non-jury cases such as bench trials, default judgments, or summary judgments. The "exceptional circumstances" that support mandamus review is not present in non-jury cases. *See In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d at 748–49 ("Without . . . an explanation [for setting aside a jury verdict and granting a new trial], parties in the case can only speculate about why the court ostensibly circumvented a critical constitutional right."); *In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d at 206 ("The Texas Constitution provides that the right of trial by jury 'shall remain inviolate.' Tex. Const. art. 1, § 15. The issue before us is whether, after a jury

20

has rendered its verdict, the trial court may disregard that verdict, grant a new trial, and explain its action only as being "in the interests of justice and fairness."). Specifically, the necessity to safeguard the constitutional right to a trial by jury and a consequent jury verdict constitutes exceptional circumstances that warrant mandamus review for orders granting new trials in contravention of a jury's verdict.

In the absence of further direction from the supreme court expanding mandamus review to orders granting new trials rendered after non-jury proceedings, and in the absence of any other exceptional circumstances, we do not extend mandamus review to include a merits-based review of orders granting a new trial in non-jury cases. *See City of Mission v. Cantu*, 89 S.W.3d 795, 809 n. 21 (Tex. App.—Corpus Christi 2002, no pet.) ("As an intermediate appellate court, we are bound to follow the expression of the law as stated by the Texas Supreme Court."). Accordingly, we overrule Old American's first three issues without reaching their merits.

## VI. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the response, and the reply, is of the opinion that relator has not shown itself entitled to the relief sought. Accordingly, the petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a).

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
23rd day of April, 2014.

21