Opinion issued July 11, 2024



In The

# Court of Appeals

For The

## First District of Texas

_____

### NO. 01-23-00083-CV
_____

**ARNOLDO JARAMILLO AND ALMA B. JARAMILLO, Appellants**

**V.**

**DANNY LEE MEADOWS, SR., Appellee**

---

**On Appeal from the Probate Court No. 1**
**Harris County, Texas**
**Trial Court Case No. 464390-401**

---

## O P I N I O N

After his mother's death, appellee Danny Lee Meadows, the independent administrator of her estate, discovered that his ex-wife had filed a warranty deed in the county property records purporting to transfer a residential property owned by his mother to the appellants, Arnoldo Jaramillo and Alma B. Jaramillo. He filed

suit to remove the cloud on title to the real property and have it restored to his mother's estate. In response to Meadows's motion for summary judgment, the defendants—appellants and the ex-wife—failed to respond to the motion, and the trial court granted summary judgment declaring the warranty deed void.

Appellants later filed a petition for bill of review asserting that they had not previously hired an attorney, had no knowledge that an attorney had appeared on their behalf, and had no notice of the motion for summary judgment or the trial court's issuance of summary judgment. In addition, they alleged that they had purchased the property in question from Meadows's mother pursuant to an oral agreement that had been fully performed. Asserting that their claims were groundless, Meadows moved for dismissal under Rule of Civil Procedure 91a and sought sanctions. The trial court dismissed the Jaramillos' petition for bill of review and awarded Meadows $1,500 in reasonable and necessary attorney's fees against Arnoldo, Alma, and their attorney, Joe Matta.

On appeal, the Jaramillos argue that the trial court erred by dismissing their petition and awarding sanctions. We conclude that the trial court erred by granting the Rule 91a motion because the petition for bill of review alleged a due process violation and was not groundless. We reverse the judgment and remand this case to the trial court.

## Background

### I. Property Records

In 1959, James A. Meadows and his wife, Christine Meadows a/k/a Christine Mahon, purchased property in Harris County. A general warranty deed was recorded on July 6, 1959, in Volume 3739, Page(s) 709-10 of the Deed Records of Harris County.

In January 2017, Corina Campos, who was formerly Christine's daughter-in-law, purported to sell the property to Arnoldo Jaramillo and Alma B. Jaramillo.[1] Campos filed a warranty deed with vendor's lien on January 10, 2017, under Clerk's File Number RP-2017-13079, in the Official Public Records of Real Property of Harris County, Texas.

### II. Summary Judgment

Christine Mahon died on November 18, 2017. A court appointed Danny Lee Meadows, Sr., to be the independent administrator of Mahon's estate on October 17, 2018. Meadows is Mahon's son and the former husband of Corina Campos. As independent administrator, Meadows filed suit against Campos, Arnoldo, and Alma alleging that Campos never had the right or authority to sell the property, and consequently the 2017 deed is fraudulent and a cloud on title to the property, which should remain in Christine's estate. Meadows sought a judgment

---

[1] Corina Campos was previously married to Christine's son, Danny Lee Meadows, Sr.

declaring the 2017 deed void, invalid, discharged, and removed from the chain of title to the property. The Jaramillos do not contest service of process in this suit. Attorney Clay Dean Thomas filed an answer on behalf of Campos, Arnoldo, and Alma.

In January 2021, Meadows filed a motion for summary judgment. His summary-judgment evidence consisted of his affidavit, copies of the 1959 and 2017 deeds, and an affidavit from his attorney regarding property records and attorney's fees. In his affidavit, he averred that Mahon owned the subject property at the time of her death. He further averred:

> 7. I am not aware of and have not been able to locate any instrument of title or other document granting any right, title, or interest in or to the Property to the Defendant Corina Campos.
>
> 8. I am not aware of and have not been able to locate any instrument authorizing the Defendant Corina Campos to act on the behalf of the Christine Meadows aka Christine Mahon and/or Estate of Christine Mahon, Deceased.

Meadows's attorney averred that he had personally reviewed the "Official Public Records of Harris County, Texas," and that the 1959 and 2017 deed records attached to the summary-judgment motion were true and correct copies of such records.

Defense counsel filed a motion for additional time to file a response to the motion for summary judgment, and the trial court granted the motion. No response was filed, and, on April 27, 2021, the trial court granted summary judgment after

4

"having reviewed and considered the motion and accompanying summary judgment evidence, and the response of the Defendants . . . if any."

## III. Bill of review

On October 25, 2022, more than a year after the trial court's summary judgment, Arnoldo and Alma filed an original petition for bill of review.[2] They alleged that they had no notice of either the motion for summary judgment or the summary judgment itself. They asserted that they "never met or consulted with the attorney" who purported to represent them "in person or by phone." They argued that "they never hired the attorney, never signed a contract with the attorney, never paid the attorney, [were] never asked to pay the attorney, . . . never received any notice from the lawyer that a motion for summary judgment had been filed in the case against them and had to be answered."

According to Arnoldo and Alma, Campos hired the attorney to represent all three of them, but the lawyer never communicated with Campos after she initially paid him. The Jaramillos contend that the lawyer did not provide them or Campos with notice that the motion for summary judgment had been filed.

The Jaramillos alleged that they owned the property in question. They maintain that in 2010 they reached an oral agreement with Mahon to purchase the property for $75,000, which was to be paid by a down payment of $3,000 and

---

[2]     In the trial court, the Jaramillos pleaded for both a statutory bill of review and an equitable bill of review.

monthly installments of $600 for ten years. They further alleged that Mahon asked Campos to help her with this transaction due to their personal relationship as members of the same church and former in-laws. The Jaramillos alleged that they made the payments (mostly in cash), paid property tax, and kept receipts of these payments. They attached receipts to their petition, showing a total of $35,400 paid between December 2010 and December 2015. Some of the receipts referred to the Jaramillos "buying the house," and other receipts referred to "rent of house." They also attached receipts showing that they had made some tax payments and that beginning with the 2017 tax year assessments, Arnoldo and Alma were shown as the owners.

## IV. Administrator's response and motion to dismiss

Meadows moved to dismiss the petition for bill of review under Rule 91a, arguing that the petition was "baseless" and seeking sanctions under Chapters 9 and 10 of the Texas Civil Practice and Remedies Code and Rule of Civil Procedure 13.

Meadows argued that the bill of review failed to present a prima facie meritorious defense, did not address the fact that the 2017 deed was void ab initio, made arguments barred by the statute of frauds, failed to assert fraud against the administrator or allege that he prevented them from making a meritorious defense.

Meadows argued that the record showed that they were served with process and thereafter appeared through counsel.

In response, the Jaramillos reiterated the arguments in the bill of review and assertions in their affidavits.[3] In addition, they argued that the statute of frauds was not a bar to their claims because the alleged oral contract between them and the decedent had been "completely performed." The Jaramillos attached the same evidence that they had previously attached to the bill of review.

## V.    Trial court's dismissal

The trial court held hearing on the Rule 91a motion to dismiss, during which the independent administrator argued that the court could not consider the "self-

---

[3]    The Jaramillos also attached: (1) an affidavit from Corina Campos, (2) a notarized document titled, "Completion of Sale," (3) a document that purports to be an agreement between Alma and Campos, (4) a handwritten note purportedly signed by the decedent, and (5) an affidavit from a church secretary who witnessed the Jaramillos and Mahon enter into an oral agreement. The additional evidence was relevant to the Jaramillos' claim that they had purchased the property from Mahon. However, the trial court was not authorized to consider this additional evidence. *See* TEX. R. CIV. P. 91a.6 ("Except as required by 91a.7, the court may not consider evidence in ruling on the motion and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59."). Rule 59 establishes which types of documents may be made exhibits to pleadings. *Id.* 59 ("Notes, accounts, bonds, mortgages, records, and all other written instruments, constituting, in whole or in part, the claim sued on, or the matter set up in defense, may be made a part of the pleadings by copies thereof, or the originals, being attached or filed and referred to as such, or by copying the same in the body of the pleading in aid and explanation of the allegations in the petition or answer made in reference to said instruments and shall be deemed a part thereof for all purposes. Such pleadings shall not be deemed defective because of the lack of any allegations which can be supplied from said exhibit. No other instrument of writing shall be made an exhibit in the pleading.").

7

serving affidavits." The trial court granted the motion to dismiss after reviewing "the motion, the Petition for Bill of Review . . . and the record of this cause . . . ." The court found that the Jaramillos claims challenging the summary judgment were "groundless" under Texas Civil Practice and Remedies Code § 9.001 and Rule of Civil Procedure 13. The court further stated:

> [T]he claims in their Petition for Bill of Review have (A) no basis in fact; and (B) are not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, for failing to present a prima facie meritorious defense; failing to assert any valid cause of action entitling them to relief herein; failing to address the merits of the Summary Judgment, the unlawful attempt of a stranger-to-title to convey title to real property; and failing to address the statute of frauds, Chapter 26 of the Texas Business and Commerce Code, which would require a writing signed by the person to be charged with the promise or agreement.

The trial court dismissed the Jaramillos' claims against the independent administrator and awarded him $1,500 in reasonable and necessary attorney's fees against Arnoldo, Alma, and their attorney of record, Joe Matta.

**Analysis**

On appeal, the Jaramillos raise a single issue, arguing that the trial court erred by granting Meadows's motion and dismissing their petition for bill of review.

## I.  Law

### A.  Rule 91a

Under Rule 91a, "a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact." TEX. R. CIV. P. 91a.1. "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id.* In ruling upon this motion, the trial court may not consider evidence, but instead it must decide the motion based "solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59." TEX. R. CIV. P. 91a.6; *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016); *see* TEX. R. CIV. P. 59 (permitting "[n]otes, accounts, bonds, mortgages, records, and all other written instruments, constituting, in whole or in part, the claim sued on" to be attached to and made part of pleadings).

### B.  Standard of review

We review the merits of a Rule 91a motion de novo because the availability of a remedy under the facts alleged is a question of law. *Sanchez*, 494 S.W.3d at 724. We review a trial court's ruling on a bill of review for an abuse of discretion. *Pope v. Perrault*, No. 01-21-00648-CV, 2023 WL 4003516, at *4 (Tex. App.— Houston [1st Dist.] June 15, 2023, no pet.) (mem. op.); *Joseph v. Jack*, 624 S.W.3d 1, 6 (Tex. App.—Houston [1st Dist.] 2021, no pet.); *Woods v. Kenner*, 501 S.W.3d

185, 190 (Tex. App.—Houston [1st Dist.] 2016, no pet.). In this case, to determine whether the trial court erred by dismissing the Jaramillos' petition for bill of review, we consider whether the pleadings, liberally construed, alleged sufficient facts upon which the trial court could have exercised its discretion to grant the bill of review. *See Sanchez*, 494 S.W.3d at 724.

### C. Bill of review[4]

A bill of review is an equitable proceeding, brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for a new trial or direct appeal. *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004). We "narrowly construe the grounds on which a plaintiff may obtain a bill of review due to Texas's fundamental public policy favoring the finality of judgments." *Mabon Ltd. v. Afri-Carib Enters., Inc.*, 369 S.W.3d 809, 812 (Tex. 2012); *see, e.g.*, *King Ranch, Inc. v. Chapman,* 118 S.W.3d 742, 751 (Tex. 2003); *Alexander v. Hagedorn*, 226 S.W.2d 996, 998 (1950).

Ordinarily, bill-of-review plaintiffs must plead and prove: "(1) a meritorious defense to the underlying cause of action, (2) which the plaintiffs were prevented from making by the fraud, accident or wrongful act of the opposing party or

---

[4] Although the Jaramillos pleaded for both a statutory and equitable bill of review in the trial court, on appeal they argue only about the equitable bill of review, thus waiving any challenge to the trial court's ruling on the statutory bill of review. *See, e.g.*, *Lancaster v. St. Yves*, No. 01-16-00911-CV, 2017 WL 5494975, at *6 (Tex. App.—Houston [1st Dist.] Nov. 16, 2017, pet. denied) (mem. op.) ("An appellate court may not reverse a case on unassigned error.").

10

official mistake, (3) unmixed with any fault or negligence on [their] own part." *Mabon*, 369 S.W.3d at 812; *Caldwell*, 154 S.W.3d at 96. But bill-of-review plaintiffs are not obligated to prove the first two prongs when they claim a due process violation caused by lack of service or notice. *Mabon*, 369 S.W.3d at 812; *Caldwell*, 154 S.W.3d at 96–97. When plaintiffs allege only lack of service of process, "[p]roof of non-service . . . will conclusively establish the third and only element that bill of review plaintiffs are required to prove" in that circumstance. *Caldwell*, 154 S.W.3d at 97. Similarly, entry of judgment against a defendant who "did not receive notice of the trial setting or dispositive hearing constitutes a denial of due process under the Fourteenth Amendment of the United States Constitution." *Mabon*, 369 S.W.3d at 813. And the third element, lack of negligence, is conclusively established if the bill-of-review plaintiffs can prove they were never served with process, *Caldwell*, 154 S.W.3d at 97, or notice of a dispositive trial setting or judgment. *Mabon*, 369 S.W.3d 813–14; *see also Peralta v. Heights Med. Ctr.,* 485 U.S. 80, 84, 87 (1988) (holding that "a judgment entered without notice or service is constitutionally infirm").

## II.     Because the Jaramillos lacked notice of the summary-judgment motion, their petition for bill of review was not groundless under Rule 91a.

This case arrives in an unusual posture. The underlying judgment was not a default judgment, as are typically challenged by petition for bill of review, because summary judgments are not granted by default. *See Amedisys, Inc. v. Kingwood*

11

*Home Health Care, LLC*, 437 S.W.3d 507, 512–13 (Tex. 2014) ("[S]ummary judgments must stand or fall on their own merits, and the non-movant's failure to answer or respond cannot supply by default the summary judgment proof necessary to establish the movant's right to judgment.") (internal citations omitted). We think that does not affect the fundamental due process rights implicated by the petition for bill of review. *See Lopez v. Lopez*, 757 S.W.2d 721, 723 (Tex. 1988) (relying on *Peralta* and reversing post-answer default when appellant had no notice of dispositive trial setting).

The Jaramillos alleged that they had no notice of the dispositive motion for summary judgment, and, because attorney Thomas was never authorized to represent them, any notice that he received cannot be imputed to them. Meadows argued that the Jaramillos had neither a meritorious defense nor a claim against him. We agree with the Jaramillos.

"The relationship between attorney and client is one of a specialized agency; the attorney-agent may not act beyond the scope of authorization granted by the client-principal." *Kelly v. Murphy*, 630 S.W.2d 759, 761 (Tex. App.—Houston [1st Dist.] 1982, writ ref'd n.r.e.) (citing *Breen v. Beto*, 421 F.2d 945 (5th Cir. 1970)). "While an attorney is generally presumed to be acting within the authority given by the client, it is a rebuttable presumption." *Kelly*, 630 S.W.2d at 761. Rule 12 of the Texas Rules of Civil Procedure establishes a procedure for requiring an attorney to

show that he is authorized to act on behalf of a party. TEX. R. CIV. P. 12. This procedure "presupposes the possibility that an attorney can be counsel of record for a party he is not authorized to represent." *In re Users Sys. Servs., Inc.*, 22 S.W.3d 331, 335 (Tex. 1999).

In ruling on a Rule 91a motion to dismiss, we rely on the parties' pleadings and attachments permitted by Rule 59. *See* TEX. R. CIV. P. 91a.6. The Jaramillos pleaded that they did not authorize Thomas to represent them. We do not consider any other evidence in evaluating a Rule 91a motion, and, considering the Jaramillos pleading, we conclude, for the purpose of this motion, that they were not represented by counsel. Accordingly, we cannot impute to the Jaramillos any notice received by attorney Thomas because he was not authorized to receive notice on their behalf. Therefore, we further conclude that the Jaramillos did not receive notice of the dispositive summary-judgment motion.

Under *Mabon*, this lack of notice is "a denial of due process under the Fourteenth Amendment of the United States Constitution." *Mabon*, 369 S.W.3d at 813. Evidence that the Jaramillos received no notice of the summary judgment motion relieves them of the obligation to prove the first two elements of a bill of review, and it conclusively proves the third element. *See Mabon*, 369 S.W.3d at 812; *Caldwell*, 154 S.W.3d at 97. We cannot, therefore, conclude that the Jaramillos' petition for bill of review was groundless.

Meadows nevertheless argues that the warranty deed was void ab initio, and therefore there was no defense that the Jaramillos could have asserted in response to his summary-judgment motion seeking to remove the cloud on title. "Where a person has been deprived of property in a manner contrary to the most basic tenets of due process, 'it is no answer to say that in his particular case due process of law would have led to the same result because he had no adequate defense upon the merits.'" *Peralta*, 485 U.S. at 86–87 (quoting *Coe v. Armour Fertilizer Works*, 237 U.S. 413, 424 (1915)). Only "wiping the slate clean" can restore the Jaramillos to the position they "would have occupied had due process of law been accorded to [them] in the first place." *Peralta*, 485 U.S. at 87 (internal citations omitted).

We conclude that the trial court erred by granting the Rule 91a motion to dismiss. We sustain the Jaramillos' sole issue.

## Conclusion

We reverse the judgment of the trial court and remand for further proceedings. All pending motions are dismissed as moot.



Peter Kelly
Justice

Panel consists of Justices Kelly, Countiss, and Rivas-Molloy.

14