**STATE BOARD OF INSURANCE, Relator,**

v.

**The Honorable Mary Pearl WILLIAMS, Respondent.**

No. 21511.

Court of Appeals of Texas, Austin.

Sept. 9, 1987.

Deborah Herzberg Loomis, Edna Ramon Butts, Asst. Attys. Gen., Barry Bishop, Clark, Thomas, Winters & Newton, Austin, for relator.

Lou McCreary, Sp. Asst. Atty. Gen., Austin, Peter Sartin, Thompson, Coe, Cousins & Irons, Dallas, for respondent.

Before SHANNON, C.J., and BRADY and ABOUSSIE, JJ.

## ORIGINAL PROCEEDING FROM TRAVIS COUNTY

SHANNON, Chief Justice.

Relator, State Board of Insurance, filed its motion for leave to file petition for writ of mandamus and tendered its petition, pursuant to Tex.R.Civ.P.Ann. 121 (Supp.1987).[1] By its motion for leave to file and its petition, the Board seeks a writ of mandamus to compel respondent, the Honorable Mary Pearl Williams, to set aside her order denying pleas in abatement, motion to show authority and motion to dismiss filed in the proceeding below, *The People of Texas ex rel. Jim Mattox, Attorney General v. The State Board of Insurance.* Jim Mattox, Attorney General is the real party in interest in the instant proceeding. We will deny relator's motion for leave to file petition for writ of mandamus.

In the underlying cause, the Attorney General filed suit in the district court of Travis County, seeking review of the Board's order setting rates for workers' compensation and employers' liability insurance pursuant to Tex.Ins.Code Ann. art. 1.04(f) (1981) and Tex.Rev.Civ.Stat.Ann. art. 6252–13a, § 19 (Supp.1987). In re-sponse to the Attorney General's first amended petition, the Board filed its first amended plea in abatement and motion for the Attorney General to show authority, pursuant to Tex.R.Civ.P.Ann. 12 (Supp. 1987). The National Council on Compensation Insurance, a party to this proceeding and defendant below, filed a motion to dismiss.

By their pleas and motions the parties urged that the Attorney General derives his authority from the Texas Constitution and statute, that Tex.Const. art. IV, § 22 (1984) and Tex.Ins.Code Ann. art. 1.09–1(a) (1981) require the Attorney General to represent the Board in litigation, that the Board's order expresses the State's position on adequate and reasonable insurance rates and, accordingly, that the Attorney General has no standing to bring suit against the Board. *See Hill v. Lower Colorado River Authority,* 568 S.W.2d 473 (Tex.Civ.App.1978, writ ref'd n.r.e.); *Hill v. Tex.Water Quality Bd.,* 568 S.W.2d 738 (Tex.Civ.App.1978, writ ref'd n.r.e.).[2]

Following a hearing on the pleas and motions, the respondent entered her order which provides:

> that the pleas in abatement, motions to show authority, and motion to dismiss are DENIED insofar as they challenge the Attorney General's authority to maintain this lawsuit to assert his claim that the Board denied his statutory authority to intervene in the Board's hearing. It is ORDERED that the Attorney General shall be afforded a hearing for the sole purpose of determining whether the Board afforded him a full right to intervene in its hearing.

The order, however, effectively overruled the pleas and motions entirely as it does not specifically grant any of the requested relief and all relief not specifically granted is denied.

We do not address the issues presented because we have concluded that

---

1. American General Fire and Casualty Company, et al., intervenors in the proceeding below, have filed a separate motion for leave to file petition for writ of mandamus by which they adopt the Board's petition.

2. Unlike the agencies in the preceding opinions, the Board is represented, in this Court and in the district court, by the Attorney General.

the Board has an adequate remedy by appeal. Mandamus is available only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no adequate remedy by law. *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916 (Tex.1985). An appellate court exceeds its writ power if there is an adequate remedy by appeal. *Street v. Second Court of Appeals,* 715 S.W.2d 638 (Tex.1986). The order about which the Board complains is an interlocutory order which is not ordinarily appealable until merged into a final judgment. *North East I.S.D. v. Aldridge,* 400 S.W.2d 893 (Tex.1966); *see generally* 6 Dorsaneo, *Texas Litigation Guide* § 150.-01[1]. Generally, an appellate court will not intervene in the trial process to control such an incidental ruling. *Jampole v. Touchy,* 673 S.W.2d 569 (Tex.1984).

The Board argues, however, that its remedy by appeal upon the entry of a final judgment is not a remedy that is "equally convenient, beneficial and effective as mandamus," citing *Crane v. Tunks,* 160 Tex. 182, 328 S.W.2d 434 (1959). The Board asserts that the litigation has a "daily debilitating effect on the processes of state government," and will require a potentially needless expenditure of money and effort. Such inconvenience caused by an otherwise adequate appeal does not justify the use of mandamus. *Iley v. Hughes,* 158 Tex. 362, 311 S.W.2d 648 (1958). The instant proceeding is plainly distinguishable from those proceedings that involve pre-trial discovery orders and in which the courts have concluded the usual remedy of appeal inadequate. *Jampole,* 673 S.W.2d at 569; *Allen v. Humphreys,* 559 S.W.2d 798, 801 (Tex.1977); *Crane,* 328 S.W.2d at 439; Comment, *The Expanding Use of Mandamus to Review Texas District Court Discovery Orders: An Immediate Appeal Is Available,* 32 Sw.L.J. 1283, 1284–87 (1979). Accordingly, we conclude that the Board has an adequate remedy by appeal.

The motion for leave to file petition for writ of mandamus is denied. Our denial of the motion for leave to file the petition for writ of mandamus does not, of course, determine any issue raised in relator's petition. *Zenith Radio Corp. v. Clark,* 665 S.W.2d 804 (Tex.App.1983, orig. mand. proceeding).