PER CURIAM HEADING




 NO. 12-02-00077-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




WILLIAM PENA, AS NEXT FRIEND

IN BEHALF OF WALLACE STARRETT,
§
 APPEAL FROM THE 349TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


RAYMOND L. JOHNSON, ET AL.,

APPELLEES
§
 ANDERSON COUNTY, TEXAS







PER CURIAM


 This is an attempted interlocutory appeal by William Pena, as next friend for Wallace Starrett
("Appellant"), arising out of an order entered in favor of Appellees, Raymond L. Johnson, et al. 
("Appellees"). Pena asserts that he is appealing the trial court's order on Appellees' (1) Motion
Requesting William Pena to Show Authority to Act. Since the order does not dispose of Appellant's
claim against Appellees, it is interlocutory in nature. See Park Place Hosp. v. Estate of Milo, 909
S.W.2d 508, 510 (Tex. 1995) (providing that all parties and all issues before the trial court must be
disposed of before a judgment becomes final and appealable). 

 This court's appellate jurisdiction is limited to appeals from final judgments and such
interlocutory orders as the legislature has deemed appealable. City of Houston v. Kilburn, 849
S.W.2d 810, 811 (Tex. 1993); see Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (Vernon Supp.
2002). (2) Section 51.014 lists various appealable interlocutory orders. An order on a motion to show
authority to act is not one of those listed in section 51.014. Further, we note that while an order on
a motion to show authority to act could be appealable in the context of a probate proceeding, Logan
v. McDaniel, 21 S.W.3d 683, 688 (Tex. App.- Austin 2000, pet. denied), orders on such motions
in other proceedings are interlocutory and not appealable. Id.; State Bd. of Ins. v. Williams, 736
S.W.2d 259, 260-61 (Tex. App.- Austin 1987, orig. proceeding). Although Pena contends that he
has authority to act on behalf of Starrett pursuant to the Durable Power of Attorney Act, Tex. Prob.
Code Ann. § 481 et seq. (Vernon Supp. 2002), he does not assert that the proceeding before us is
a probate matter. 

 On March 8, 2002, this court notified Appellant that the appeal would be dismissed unless
he showed the jurisdiction of this court by providing a final judgment or appealable order on or
before March 25, 2002. On March 14, 2002, Appellant filed various documents in response to our
notice. None of these documents demonstrate the jurisdiction of this court over this appeal.

 Since an appeal from the underlying order on Appellees' Motion Requesting William Pena
to Show Authority to Act is not one authorized by law, we dismiss the appeal for want of
jurisdiction.

Opinion delivered March 20, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.
























DO NOT PUBLISH


1. Apparently, the motion was filed by two of the Appellees, the Texas Department of Criminal Justice and Janie
Cockrell.
2. Certain additional appealable interlocutory orders are set forth in the Texas Family Code and Texas Probate
Code, but they likewise are not applicable to the instant order.