**Dismissed and Memorandum Opinion filed January 19, 2012.**



In The

# Fourteenth Court of Appeals
_____

NO. 14-11-01023-CV
_____

**EFREM SEWELL, THOMAS MEEKS, JOSEPH GUILLORY, MILO SHEPARD AND TONY THOMAS, Appellants**

**V.**

**HARDRIDERS, INC., Appellee**

**On Appeal from the 151st District Court
Harris County, Texas
Trial Court Cause No. 2011-37278**

## M E M O R A N D U M   O P I N I O N

This is an attempted appeal from an order signed August 29, 2011, denying appellants' motion to show authority.  Generally, appeals may be taken only from final judgments.  *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001).  Interlocutory orders may be appealed only if permitted by statute.  *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001); *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding).

The record in this appeal contains no final judgment. An order on a motion to show authority to act is not one of those appealable interlocutory orders listed in section 51.014. *See* Tex. Civ. Prac. & Rem.Code Ann. § 51.014 (Vernon Supp. 2011).[1] In general, an order on a motion to show authority to act is interlocutory and not appealable. *See State Bd. of Ins. v. Williams*, 736 S.W.2d 259, 260-61 (Tex. App. -- Austin 1987, orig. proceeding).

On December 30, 2011, notification was transmitted to all parties of the court's intention to dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a). Appellants filed a response and contend the order denying the motion to show authority is a final and appealable judgment because the trial court conducted an evidentiary hearing on the motion. Appellants make no contention, and the record does not reflect, that the trial court has disposed of any of appellee's claims.

Appellants' response fails to demonstrate that this Court has jurisdiction to entertain the appeal. Accordingly, we dismiss the appeal.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Jamison and McCally.

---

[1] Certain additional appealable interlocutory orders are set forth in the Texas Family Code and Texas Probate Code, but they are not applicable to the instant order.