**Dismissed and Memorandum Opinion filed October 1, 2013.**



**In The**

# Fourteenth Court of Appeals

---

### NO. 14-13-00739-CV

---

### YIGAL BOSCH, Appellant

### V.

### HARRIS COUNTY, THE HARRIS COUNTY DEPARTMENT OF EDUCATION, THE PORT OF HOUSTON AUTHORITY OF HARRIS COUNTY, THE HARRIS COUNTY FLOOD CONTROL DISTRICT, THE HARRIS COUNTY HOSPITAL DISTRICT, HOUSTON INDEPENDENT SCHOOL DISTRICT, HOUSTON COMMUNITY COLLEGE SYSTEM, GREATER SHARPSTOWN MANAGEMENT DISTRICT, and CITY OF HOUSTON, Appellees

---

**On Appeal from the 165th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2012-48002**

---

## M E M O R A N D U M   O P I N I O N

The clerk's record in this appeal was filed September 12, 2013. According to the record, the underlying case is a suit for delinquent ad valorem property taxes. Appellant filed a *pro se* answer on behalf of Y.B. & S.J. Enterprises, Inc., one of

the defendants named in the suit. Appellees filed a motion in the trial court requesting appellant to show authority to act on behalf of the corporation. *See* Tex. R. Civ. P. 12. The trial court granted the motion and directed the corporation to proceed with a person authorized to appear on its behalf to defend the suit. Appellant filed a *pro se* notice of appeal in an attempt to appeal the trial court's August 5, 2013, order granting appellees' motion to show authority.

Appellate courts have jurisdiction over final judgments and such interlocutory orders that the Legislature deems appealable by statute. *Bally Total Fitness Corp. v. Jack*son, 53 S.W.3d 352, 352 (Tex. 2001); *see, e.g.,* Tex. Civ. Prac. & Rem. Code § 51.014. The trial court's August 5, 2013, interlocutory order is not an order that is made appealable by statute. An order to show authority pursuant to Rule 12 is not appealable until it is merged into a final judgment. *State Bd. of Ins. v. Williams*, 736 S.W.2d 259, 260–61 (Tex. App.—Austin 1987, no writ); *Sewell v. Hardriders, Inc.*, No. 14-11-01023-CV, 2012 WL 170952, *1 (Tex. App.—Houston [14th Dist.] Jan. 19, 2012, no pet.) (mem. op.).

On September 16, 2013, notification was transmitted to all parties of the court's intention to dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a). On September 20, 2013, appellant filed a response in which he argues that the corporation is defunct and has no assets to hire an attorney. He asserts that Section 51.014(f) of the Texas Civil Practice and Remedies Code should apply to allow his appeal. Section 51.014(f) governs permissive interlocutory appeals. The statute provides that the trial court may grant permission, by written order, to appeal an order that is not otherwise appealable if the order meets certain criteria. *See* Tex. Civ. Prac. & Rem. Code § 51.014(d). When a trial court has permitted such an appeal, the party seeking to appeal must petition the court of appeals for permission to appeal. Tex. R. App. P. 28.3(a). The petition must be filed within 15

days after the order to be appealed is signed. Tex. R. App. P. 28.3(c). Appellant has not complied with the requirements for a permissive appeal by obtaining an order granting permission to appeal from the trial court and filing a timely petition seeking permission from this court. Accordingly, appellant may not appeal from an interlocutory order pursuant to Section 51.014(f) of the Texas Civil Practice and Remedies Code.

The record does not contain an appealable order, and we lack jurisdiction over this attempted appeal. Accordingly, we order the appeal dismissed without prejudice to appellant's right to appeal from a subsequent final judgment.

PER CURIAM

Panel consists of Justices Brown, Christopher, and Donovan.