

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-13-00415-CV
_____

IN RE TRIDENT STEEL CORPORATION, RELATOR

ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS

January 21, 2014

OPINION

Before QUINN, C.J. and CAMPBELL and HANCOCK, JJ.

In this original proceeding, Trident Steel Corporation (Trident) contends the trial court abused its discretion in 1) striking Trident's Fifth Amended Answer *sua sponte*, and 2) refusing, in response to Trident's Texas Rule of Civil Procedure Rule 12 Motion, to require legal counsel for Mewbourne Oil Company (Mewbourne) to show their authority to represent all the parties they purport to represent. Trident seeks to have us order the trial court to rescind its orders with respect to these matters and conduct a hearing on the effort to strike the answer. We grant the petition in part and deny it in part.

*Background*

Via a suit commenced in 2008, Mewbourne sought to recover damages arising from purportedly defective well casing supplied by Trident. The casing was inserted in a well operated by Mewbourne. The latter initially served as the only plaintiff. However, in October of 2012, the plaintiff filed a Second Amended Petition describing the plaintiff as itself "individually and as representative of the affected leasehold interests." The "affected leasehold interests" it purported to represent were not identified. This led to Trident requesting and obtaining leave to file a fifth amended answer on March 18, 2013. In it, the party averred, for the first time, that limitations had expired on any claims of the "leasehold interests" and that Mewbourne lacked standing and the capacity to represent or recover on behalf of those same "interests."[1]

Trident then moved for summary judgment on the basis of limitations. Upon hearing the motion on June 20, 2013, the trial court not only denied it but also struck the fifth amended answer, though no one requested the court to undertake the latter act. Thereafter, Trident moved under Rule 12 of the Rules of Civil Procedure for Mewbourne to show its authority to represent the "leasehold interests" alluded to in its petition. That motion was denied, as well.

*The Law and Its Application*

Mandamus will issue only when there has been a clear abuse of discretion or violation of a duty imposed by law and the petitioner lacks an adequate remedy at law. *In re Prudential Ins. Co. of America*, 148 S.W.3d 124, 135-36 (Tex. 2004). With this in mind, we address Trident's arguments.

---

[1] The casing failed more than four years before the filing of Mewbourne's Second Amended Petition.

*Rule 12*

Texas Rule of Civil Procedure 12 provides that a "party in a suit or proceeding pending in a court of this state may, by sworn written motion stating that he believes the suit or proceeding is being prosecuted or defended without authority, cause the attorney to be cited to appear before the court and show his authority to act." TEX. R. CIV. P. 12. A ruling on such a motion can be adequately remedied by appeal. *In re Roberts*, 18 S.W.3d 736 (Tex. App.—San Antonio 2000, orig. proceeding); *State Board of Ins. v. Williams*, 736 S.W.2d 259, 260 (Tex. App.—Austin 1987, orig. proceeding). Thus it is not the proper subject matter for relief via a petition for writ of mandamus. *In re Roberts,* 18 S.W.3d at 736; *State Board of Ins. v. Williams*, 736 S.W.2d at 260.[2]

*Striking the Answer, Sua Sponte*

Regarding the trial court's decision to *sua sponte* strike Trident's pleading, we note that the pleading in question was the litigant's fifth amended answer. In it, the company raised various confession and avoidance type defenses such as limitations and waiver. That such defenses are lost if not pled is beyond dispute. *FDIC v. Lenk*, 361 S.W.3d 602, 611 (Tex. 2012) (holding that Guaranty Bank waived its affirmative defense of estoppel because it was not pled and citing Rule 93 for the proposition that affirmative defenses which include limitations must be pled). Also included in the pleading were allegations about Mewbourne's authority to represent and its legal

---

[2] The court in *In re Salazar*, 315 S.W.3d 279 (Tex. App.—Fort Worth 2010, orig. proceeding) held that a ruling concerning a Rule 12 motion could be the subject of a petition for writ of mandamus. *Id.* at 287. It did so after noting that the failure to correct what it found to be an instance of abused discretion would so skew the litigation process that any subsequent remedy by appeal would be inadequate. *Id.* The circumstances there differed from those here, however. Indeed, the *Salazar* court considered the situation before it "exceptional," *id.*, given that two factions claimed the authority to represent the same corporation or party. Only one or the other was actually entitled to do so, though. That exposed the trier of fact to unnecessary confusion if the two opposing factions were allowed to make presentations. *Id.* We do not have two different groups claiming the ability to represent Mewbourne and attempting to present their own, potentially differing, versions of the case.

3

capacity to sue or recover on behalf of the unnamed "affected leasehold interests." That such contentions must also be included in a pleading, as well as verified in that pleading, to forego their loss is also clear. *See* TEX. R. CIV. P. 93(1) & (2) (stating that a "pleading setting up any of the following matters . . . shall be verified by affidavit . . . [t]hat the plaintiff has not legal capacity to sue . . . [and] [t]hat the plaintiff is not entitled to recover in the capacity in which he sues"); *Mariner Health Care of Nashville, Inc. v. Robins*, 321 S.W.3d 193, 200 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (holding that allegations must be pled and verified under Rule 93 and are lost if not so pled or verified). Moreover, Trident sought and obtained approval from the trial court to file its fifth amended answer.[3] However, we can find nothing in the record before us illustrating that anyone sought to have the answer struck after it was filed. Nor does Mewbourne deny that the trial court acted *sua sponte* when it opted to strike the pleading.

While Mewbourne correctly alleges that a trial court has the inherent authority to manage its docket, *see In re Smith*, 279 S.W.3d 714, 716 (Tex. App.—Amarillo 2007, orig. proceeding), nothing it cites suggests that such discretion includes the ability to 1) *sua sponte* dictate the content of a party's pleadings, 2) strike pleadings *sua sponte* without informing the litigants of its intent to do so, or 3) strike pleadings without first affording the parties an opportunity to address the matter. Nor did our search for legal precedent fill the void. What we have here is more than a trial court's effort to manage the orderly disposition of the suit and its claims. Rather, its actions affect the claims or defenses themselves. By striking the answer *sua sponte*, the trial court prevents

---

[3] Comparison of the fourth and fifth amended answers reveals that the latter contained defenses and allegations that the former did not. They included the affirmative defense of limitations and averments pertaining to Mewbourne's capacity to sue and recover on behalf of the oblique reference to "affected leasehold interests."

4

Trident from complying with Civil Rules of Procedure 93 and 94 and pursuing the defenses and allegations which must be pled.

The well-settled policy underlying the practice of amending pleadings is one that recognizes that litigants enjoy a liberal right to modify their averments at will. *See KSNG Architects, Inc. v. Beasley*, 109 S.W.3d 894, 899 (Tex. App.—Dallas 2003, no pet.) (stating that the law favors liberal amendments of pleadings). Admittedly, the right is not without limitation, but only when amendment is sought within seven days of trial or "after such time as may be ordered by the judge under Rule 166" need the litigant obtain leave of the court. TEX. R. CIV. P. 63. And, even then, leave must be granted unless "there is a showing that such filing will operate as a surprise to the opposite party." *Id.* So, what we have here is a situation wherein opportunity to amend was sought, the trial court considered the request, granted same, and then, without explanation, changed its mind without affording the litigants an opportunity to address the matter. We cannot but hold, under these particular and unusual circumstances, that the trial court abused its discretion in acting as it did.

So too must we hold that the decision of the trial court poses harm that cannot be remedied by direct appeal. Lost is any ability Trident has to address, if possible, the concerns of the trial court that resulted in its *sua sponte* conduct. Potentially lost is the ability to perfect for appellate review the claim of limitations; again, it must appear in a live pleading.[4] As noted in *In re Van Waters & Rogers, Inc.*, 145 S.W.3d 203 (Tex. 2004), "[a]n appeal is inadequate for mandamus purposes when parties are in danger of

---

[4] It may be that the trial court found the defense unmeritorious. Yet, Trident has the right to have the decision reviewed on appeal if it so chooses and assuming that it complies with the applicable rules of procedure involving the perfection of a complaint. The decision to *sua sponte* strike the pleading that contained the defense (after allowing the litigant to present it) interferes with that right or otherwise hampers its ability to pursue it.

permanently losing substantial rights," such as "when . . . the party's ability to present a viable claim or defense is vitiated, or when the error cannot be made part of the appellate record." *Id.* at 210-11. That is the danger here that renders appeal after final judgment an inadequate remedy.

Consequently, we hold that Trident has satisfied the conditions precedent to being awarded mandamus relief and direct the trial court to vacate its order striking Trident's Fifth Amended answer *sua sponte*. We forego comment upon whether Mewbourne may move to strike the document. Our decision concerns only the trial court's decision to act *sua sponte*.

Brian Quinn
Chief Justice