

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00188-CR
No. 07-14-00189-CR

THE STATE OF TEXAS, APPELLANT

V.

J.W. JOLLY III, APPELLEE

On Appeal from the 106th District Court
Garza County, Texas
Trial Court Nos. 06-2326 & 06-2327, Honorable Carter T. Schildknecht, Presiding

October 3, 2014

## OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

This is an appeal by the State from an order dismissing two criminal prosecutions against J. W. Jolly III, appellant. He had been originally indicted in 2005 for indecency with a child and aggravated sexual assault. The decision to dismiss arose from appellant's contention, via motion, that he had been denied his constitutional right to a speedy trial. We reverse the orders.

*Authority*

The Sixth Amendment to the United States Constitution grants an accused the right to a speedy trial.[1] *Gonzales v. State*, 435 S.W.3d 801, 808 (Tex. Crim. App. 2014); *Henson v.* State, 407 S.W.3d 764, 766 (Tex. Crim. App. 2013). Whether that right was denied depends upon the balancing of the following factors: 1) the length of the delay, 2) the reason for the delay, 3) the assertion of the right, and 4) prejudice to the accused. *Gonzales v. State*, 435 S.W.3d at 808. Yet, the initial inquiry concerns the existence of presumptive prejudice; that is, the defendant must first show that the interval between his arrest or formal accusation and the trial crossed the threshold dividing ordinary from presumptively prejudicial delay. *Id.* Should the defendant clear that hurdle, then the State has the burden of justifying the delay, while the defendant holds the task of addressing the last two factors. *Cantu v. State*, 253 S.W.3d 273, 280 (Tex. Crim. App. 2008). However, no one factor is sufficient in and of itself to establish a denial of the constitutional right. *Id.* at 281.

Finally, our standard of review is bifurcated into factual and legal components. We review the former for abuse of discretion while the latter are reviewed *de novo*. *Zamorano v. State*, 84 S.W.3d 643, 648 (Tex. Crim. App. 2002). The balancing test, though, is a legal question and considered *de novo* as well. *Id.* at 648 n.19.

*Length of Delay and Reason*

As to the first two factors, the record illustrates that appellant was first indicted in November of 2005 and re-indicted early in 2006. Despite several trial settings in 2006, the prosecution languished until the State sought a trial date in late September of 2013.

---

[1] Appellant also asserted his right to a speedy trial under the Texas Constitution. However, those claims are analyzed under the same factors. *Harris v. State*, 827 S.W.2d 949, 956 (Tex. Crim. App. 1992).

By April of 2014, the matter had yet to be tried, and appellant moved to dismiss the prosecution due to the delay. The approximately eight-plus years the prosecutions remained untried before being dismissed satisfied the time threshold indicative of presumptive prejudice. Indeed, no one disputes that.

Nor does anyone dispute that the reasons for the delay went unexplained. While the record reflects that several trial settings were continued in 2006 at the behest of appellant, it says nothing of why the cause never again obtained a trial date until the State requested one in 2013. The trial court attributed this delay to "negligence on the part of the State."[2]

That appellant withheld complaint about the delay until he moved to dismiss the cause in 2014 is clear. Indeed, he informed the trial court that "we weren't jumping up and down. I didn't want to kick the sleeping dog. I thought this deal had fallen through the cracks or the State had dismissed it," though, he conceded, no one sent an order evincing a dismissal. This illustrates both an awareness of the delay by appellant and his acquiescence to it; again, he opted not to "kick the sleeping dog."

It may be that the accused lacks the ability to force a trial, but it is too easy and somewhat misleading to say that he has no duty to attempt to have the proceeding tried. After all, the right to a speedy trial is his alone; the Sixth Amendment of the United States Constitution illustrates as much in proclaiming that "[i]n all criminal

---

[2] In his appellee's brief, appellant argued that the State evinced a "pattern of conduct represent[ing] something beyond mere negligence, but a willful and persistent refusal to proceed with prosecution." Oddly, though, that was not what he asserted before the trial judge. There, he described the circumstances as "[i]f anything, it's just something that got lost in the shuffle. What we thought had happened, it may be just neglect. And that it was just negligence, we blame a little against the State, but not too harshly against anyone." Nothing of record suggests that the delay arose from anything other than negligence, at most. And though authority suggests that the State has the obligation to present the cause for trial, *Cantu v. State*, 253 S.W.3d 273, 282 (Tex. Crim. App. 2008), when it is actually tried lies within the control of the trial court. The latter has the inherent power to control its docket, *In re Trident Steel Corp.*, 424 S.W.3d 126, 129 (Tex. App.—Amarillo 2014) (orig. proceeding), not the litigants. It can cause a matter to be tried when litigants want to wait.

prosecutions, the *accused* shall enjoy the right to a speedy . . . trial." U.S. CONST. amend. VI (emphasis added). And, as our Court of Criminal Appeals observed in *Shaw v. State*, 117 S.W.3d 883 (Tex. Crim. App. 2003), "the longer the delay becomes, the more likely it is that a defendant who really wanted a speedy trial would take some action to obtain one." *Id.* at 890. In other words, the defendant may not have to secure for himself a trial, but, if he really wants one as contemplated by the Sixth Amendment, he should not merely wait to see what happens. This seems especially so since a "defendant's failure to make a timely demand for a speedy trial indicates strongly that he did not really want one and that he was not prejudiced by not having one." *Id.* Because "a defendant's inaction weighs more heavily against a violation the longer the delay becomes," *id.*, and appellant waited a long time before complaining here, the trial court's determination that the omission to seek a speedy trial should "be weighed neutrally" deviates from controlling authority.

Next, we note that neither the State nor appellant offered evidence at the hearing upon the motion to dismiss. The two litigants simply proffered argument. And while the motion to dismiss mentioned such things as appellant having suffered anxiety during the delay, having lost employment opportunities because of the pending charges, and having suffered from diabetes which "can affect the memory of those that are subject to the illness," the document was not accompanied by any type of attestation converting the allegations into some kind of evidence.[3] *See Newman v. State*, 331 S.W.3d 447,

---

[3] Indeed, in mentioning the affect diabetes may have upon one's memory, appellant did not allege that he suffered from that cause and effect. Instead, he merely said that "it is *possible* that he has suffered memory loss due to his diabetic condition." (emphasis added). The possibility that something has happened leaves open the possibility that it has not. Consequently, an allegation alone about a link between diabetes and memory loss is no evidence that appellant suffered from that link here.

449 (Tex. Crim. App. 2011) (stating that unsworn allegations in a motion are not evidence).

At best, the trial court was merely told, by defense counsel, that his client encountered the aforementioned maladies.[4] It is true that there are instances where representations by legal counsel at a hearing may be considered evidence; yet, that applies only if counsel speaks "'from first-hand knowledge.'" *Gonzales v. State*, 435 S.W.3d at 811, *quoting State v. Guerrero*, 400 S.W.3d 576 (Tex. Crim. App. 2013). The mental processes utilized by an employer when deciding whether to terminate an employee's job or those used by a prospective employer in deciding whether to extend employment to an applicant are not necessarily within the first-hand knowledge of the employee's legal counsel. More is needed before anyone can logically accept as fact the statements of one about the mental processes of another. At the very least, the speaker should disclose how he came to know the information he attempts to disclose, and that was not done here. So, what counsel said about appellant losing job opportunities could not be considered evidence. Nor could it be used to support the trial court's finding that he suffered "specific familial hardships."[5]

That one accused of a crime suffers anxiety while the cause remains pending and potentially for periods of time thereafter cannot reasonably be denied. Yet, general anxiety alone is not sufficient proof of prejudice when it is no greater than the level normally associated with a criminal charge. *Cantu v. State,* 253 S.W.3d 273, 285-86 (Tex. Crim. App. 2008). No evidence of his suffering greater anxiety was offered or

---

[4] The sum of the presentation consisted of the following:

The fourth factor, though, when you read the law, and that is our response. The anxiety, the concern, the loss of memory, the health concerns with [appellant], those go right back to that first presumptive prejudice.

[5] What those hardships were went unmentioned by the trial court.

5

admitted below. And, because appellant had not been incarcerated during the delay, it cannot be said that incarceration caused him any anxiety or prejudice. *See Shaw v. State*, 117 S.W.3d at 890 (stating that when a court assesses prejudice, "it must do so in light of the interests which the speedy trial right was intended to protect: (1) to prevent oppressive pretrial incarceration; (2) to minimize the defendant's anxiety and concern; and (3) to limit the possibility that the defendant's defense will be impaired.").

No competent evidence of actual prejudice (aside from presumed anxiety) appears of record here. And, to the extent that the eight-plus year delay at bar created presumptive prejudice, we turn to the writing in *Shaw.* "[T]his presumption is extenuated . . . by the appellant's longtime acquiescence in the delay." *Id.* By opting not to wake the sleeping dog, the presumption of prejudice here was extenuated.

Finally, we balance the foregoing factors as required by *Gonzales.* Again, that is a matter of law which relieves us from deferring to the trial court's decision. And, in so balancing them, we note that the first two disfavor the State. There was much too long of a delay in bringing the accusations to trial. Furthermore, the delay was attributable to the government's conduct. Yet, appellant withheld invoking his right to a speedy trial and chose to wait. Furthermore, the evidence of prejudice (little that it was) is offset by appellant's acquiescence in the delay. These circumstances, on balance, hardly evince a well-running system of criminal justice, but they do not evidence a denial of appellant's right to a speedy trial, at least based on the limited record before us. It may be that a different result could arise based upon the presentation of actual evidence.[6]

---

[6] Disputes, the resolution of which are evidence dependent, should be resolved through the presentation of evidence, not simply argument.

Accordingly, we reverse the orders dismissing the prosecutions and remand the proceedings to the trial court.

Brian Quinn
Chief Justice

Publish.