**Opinion filed December 17, 2021**



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00234-CV

_____

# IN RE KINDER MORGAN SACROC, LP; KINDER MORGAN CO2 CO., LP; KINDER MORGAN PRODUCTION CO., L.P.; AND KINDER MORGAN PRODUCTION CO., LLC

**Original Mandamus Proceeding**

### M E M O R A N D U M   O P I N I O N

Relators, Kinder Morgan SACROC, LP; Kinder Morgan CO2 Co., LP; Kinder Morgan Production Co., L.P.; and Kinder Morgan Production Co., LLC (collectively Kinder Morgan), filed this original petition for writ of mandamus seeking relief from an August 24, 2021 order in Cause No. 26387 in which the Honorable Ernie B. Armstrong, presiding judge of the 132nd District Court of Scurry County, denied Kinder Morgan's motion to show authority. Kinder Morgan requests that we grant mandamus relief and direct Judge Armstrong to enter an order (1) refusing to permit Brent Lemon, counsel for Real Parties in Interest, Scurry County, Snyder

Independent School District, Scurry County Junior College District d/b/a Western Texas College, and Scurry County Hospital District d/b/a Cogdell Memorial Hospital (collectively the Taxing Units[1]), to appear in the case and (2) striking the Taxing Units' pleadings if no person who is authorized to prosecute or defend appears. We deny the petition for writ of mandamus.

*Background*

The Taxing Units hired Lemon in 2018 to "investigate and review potential errors/irregularities" and to pursue any identified "Claims" against:

> Commercial Entities owning mineral interest real property in Scurry County, Texas, and others who may be responsible in whole or part, which resulted in inaccurate valuations of mineral interest real property and erroneous or insufficient ad valorem tax payments amounts to [the Taxing Units] ("the Claims").

The Taxing Units agreed to pay Lemon twenty percent "of all total and gross payments, funds, stocks, compensation, or value however delineated or characterized" that was received by the Taxing Units "from any source related to or paid on behalf of the Commercial Entities . . . related in any way to the Claims."

On behalf of each Taxing Unit, Lemon filed a challenge with the Scurry County Appraisal Review Board (the ARB) to the level of appraisal of Category G real property, specifically oil and gas, minerals, and other subsurface interests, and to the exclusion of property from the appraisal records for tax years 2013 through 2018. At the hearing before the ARB, Lemon limited the challenges to mineral interests owned by Kinder Morgan in Scurry County. The ARB denied the challenges, and the Taxing Units filed a petition for review and mandamus relief in

---

[1]A "[t]axing unit" is "a county, an incorporated city or town (including a home-rule city), a school district, a special district or authority (including a junior college district, a district created by or pursuant to the Water Code, a mosquito control district, a fire prevention district, or a noxious weed control district), or any other political unit of this state, whether created by or pursuant to the constitution or a local, special, or general law, that is authorized to impose and is imposing ad valorem taxes on property even if the governing body of another political unit determines the tax rate for the unit or otherwise governs its affairs." TEX. TAX CODE ANN. § 1.04(12) (West Supp. 2021).

2

the 132nd District Court. The Taxing Units requested that Judge Armstrong "fix" the correct value of Kinder Morgan's mineral interests or require the Scurry County Appraisal District (the Appraisal District) to re-appraise Kinder Morgan's mineral interests for the 2018 tax year and to back-appraise Kinder Morgan's mineral interests for the 2013 through 2017 tax years. In their live pleading, the Taxing Units allege that mineral interests owned by Kinder Morgan in Scurry County were undervalued on the appraisal rolls in tax years 2013 through 2018 due to misrepresentations made by Kinder Morgan to the Appraisal District.

Kinder Morgan filed a motion to show authority pursuant to Rule 12 of the Texas Rules of Civil Procedure, asserting that Lemon was a "tax ferret"; that Lemon had engaged in the "profit-driven, abusive, and harassing practices typical of a tax ferret"; that the Taxing Units did not have either express or implied authority to hire Lemon on a contingency-fee basis to pursue claims that Kinder Morgan's mineral interests were omitted or excluded from the appraisal roll; and that, because the Taxing Units did not have legal authority to engage Lemon on a contingency-fee basis, their contracts with Lemon were void and Lemon did not have authority to prosecute the lawsuit. Judge Armstrong denied the Rule 12 motion, and Kinder Morgan filed this petition for writ of mandamus challenging that order.

*Standard of Review*

Mandamus is an extraordinary remedy issued at the discretion of the court. *In re K & L Auto Crushers, LLC*, 627 S.W.3d 239, 247 (Tex. 2021) (orig. proceeding). To obtain relief by mandamus, a relator must show both that the trial court clearly abused its discretion and that there is no adequate remedy by appeal. *In re Texan Millwork*, 631 S.W.3d 706, 711 (Tex. 2021) (orig. proceeding) (per curiam); *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). Mandamus relief should be granted only when a relator establishes "that only one outcome in the trial court was permissible under the law." *In re Murrin*

*Bros. 1885, Ltd.*, 603 S.W.3d 53, 56 (Tex. 2019) (orig. proceeding). "It is meant for circumstances 'involving manifest and urgent necessity and not for grievances that may be addressed by other remedies.'" *Id.* at 57 (quoting *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding)).

*Analysis*

Pursuant to Rule 12 of the Texas Rules of Civil Procedure, when a party to a lawsuit believes that the suit is being prosecuted or defended without authority, it may file a sworn motion questioning the attorney's authority to act. TEX. R. CIV. P. 12. The primary purpose of Rule 12 is to enforce a party's right to know who authorized the suit. *New Talk, Inc. v. Sw. Bell Tel. Co.*, 520 S.W.3d 637, 644 (Tex. App.—Fort Worth 2017, no pet.); *see also Angelina Cty. v. McFarland*, 374 S.W.2d 417, 423 (Tex. 1964). Rule 12 protects parties from groundless suits and permits dismissal of suits instituted without authority. *Nicholas v. Envtl. Sys. (Int'l) Ltd.*, 499 S.W.3d 888, 895 (Tex. App.—Houston [14th Dist.] 2016, pet. denied); *see also Angelina Cty.*, 374 S.W.2d at 422–23.

The challenged attorney has the burden of proof to show sufficient authority to represent the client. TEX. R. CIV. P. 12; *Boudreau v. Fed. Trust Bank*, 115 S.W.3d 740, 741 (Tex. App.—Dallas 2003, pet. denied). If the challenged attorney does not meet his burden of proof, the trial court is required (1) to bar the challenged attorney from appearing in the case and (2) to strike the pleadings if an authorized person does not appear. TEX. R. CIV. P. 12; *see also In re Salazar*, 315 S.W.3d 279, 283 (Tex. App.—Fort Worth 2010, orig. proceeding) (concluding that the requirements of Rule 12 are mandatory). Typically, an attorney satisfies the burden to establish his authority by presenting evidence that the client retained him to provide representation in the case. *In re Sassin*, 511 S.W.3d 121, 125 (Tex. App.—El Paso 2014, orig. proceeding); *Boudreau*, 115 S.W.3d at 742.

4

Kinder Morgan contends that Lemon did not carry his burden because the evidence at the hearing on the Rule 12 motion established that Lemon was a tax ferret and that, even if Lemon is not a tax ferret, the Taxing Units did not have express or implied authority to hire Lemon on a contingency-fee basis to pursue claims based on property that was allegedly omitted or excluded from the tax rolls. We assume, without deciding, that Kinder Morgan is correct that the Taxing Units did not have authority to hire Lemon on a contingency-fee basis to pursue the claims against Kinder Morgan. However, to be entitled to relief by mandamus, Kinder Morgan was required to do more than demonstrate that Judge Armstrong abused his discretion by determining that the Taxing Units had authority to hire Lemon. Rather, Kinder Morgan was also required to establish that it lacked an appellate remedy if mandamus relief is not granted. *See In re Murrin Bros.*, 603 S.W.3d at 61 (holding that, even if the trial court abused its discretion by misinterpreting a company's governing documents and determining that the real parties in interest had authority to hire an attorney for the company, the relators were still required to show the lack of an appellate remedy); *see also In re Academy, Ltd.*, 625 S.W.3d 19, 32 (Tex. 2021) (orig. proceeding) ("[W]e may grant mandamus relief only if [the relator] lacks an adequate remedy by appeal.").

An appeal is inadequate "when parties are in danger of permanently losing substantial rights," which occurs "when the appellate court would not be able to cure the error, when the party's ability to present a viable claim or defense is vitiated, or when the error cannot be made part of the appellant record." *In re Van Waters & Rogers, Inc.*, 145 S.W.3d 203, 211 (Tex. 2004) (orig. proceeding). The adequacy of an appellate remedy depends on the circumstances and requires a balancing of the benefits of mandamus review against the detriments. *In re Academy*, 625 S.W.3d at 32; *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding).

Mandamus review of "incidental, interlocutory rulings" by a trial court "unduly interferes with trial court proceedings, distracts appellate court attention to issues that are unimportant both to the ultimate disposition of the case at hand and to the uniform development of the law, and adds unproductively to the expense and delay of civil litigation." *In re Academy*, 625 S.W.3d at 32 (quoting *In re Prudential*, 148 S.W.3d at 136); *see also In re State Farm Mut. Auto. Ins. Co.*, 629 S.W.3d 866, 872 (Tex. 2021) (orig. proceeding) ("Generally, mandamus relief is unavailable 'to correct incidental trial court rulings when there is a remedy by appeal.'" (quoting *In re Entergy Corp.*, 142 S.W.3d 316, 320 (Tex. 2004) (orig. proceeding) (per curiam)). However:

> Mandamus review of significant rulings in exceptional cases may be essential to preserve important substantive and procedural rights from impairment or loss, allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments, and spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.

*In re Academy*, 625 S.W.3d at 32 (quoting *In re Prudential*, 148 S.W.3d at 136). The Texas Supreme Court has most frequently granted mandamus relief in "cases in which the very act of proceeding to trial—regardless of the outcome—would defeat the substantive right involved." *Id.* (quoting *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 465 (Tex. 2008) (orig. proceeding)).

Generally, a ruling on a Rule 12 motion to show authority can be adequately remedied by appeal and "is not the proper subject matter for relief via a petition for writ of mandamus." *In re Trident Steel Corp.*, 424 S.W.3d 126, 129 (Tex. App.—Amarillo 2014, orig. proceeding [mand. denied]); *see also In re Old Am. Cty. Mut. Fire Ins. Co.*, No. 13-13-00644-CV, 2014 WL 1633098, at \*6 (Tex. App.—Corpus Christi–Edinburg Apr. 23, 2014, orig. proceeding) (mem. op.); *In re Roberts*, 18 S.W.3d 736, 736 (Tex. App.—San Antonio 2000, orig. proceeding) (per curiam);

*State Bd. of Ins. v. Williams*, 736 S.W.2d 259, 260–61 (Tex. App.—Austin 1987, orig. proceeding). However, this principle is not absolute, *see In re Academy*, 625 S.W.3d at 32, and exceptional circumstances could justify mandamus relief from a trial court's denial of a Rule 12 motion, *see In re Murrin Bros.*, 603 S.W.3d at 62 n.3 (stating that the determination that the relators had an adequate remedy by appeal from the trial court's denial of a Rule 12 motion did "not cast doubt . . . on the possibility that an adequate appellate remedy may not exist in some Rule 12 disputes").

Kinder Morgan asserts that mandamus relief is necessary (1) because the question of Lemon's authority is a legal issue that is likely to recur and this legal question eludes answer by appeal and (2) to preserve Kinder Morgan's procedural rights under Rule 12, to prevent a distortion of litigation, and to protect Kinder Morgan and the courts from the burdens of litigation in a proceeding being prosecuted by an attorney who is not authorized to act. Kinder Morgan also contends that damages would not be an adequate appellate remedy for Lemon's conduct. Under the circumstances presented in this case, none of these alleged harms establish that Kinder Morgan does not have an adequate appellate remedy.

In support of its argument that it is entitled to mandamus relief because the issue of whether Texas law expressly or impliedly authorized the Taxing Units to engage an attorney on a contingency-fee basis is likely to recur, Kinder Morgan points to four suits filed by Lemon in 2018 and 2019 against Kinder Morgan—two in Scurry County on behalf of the Taxing Units and two in Pecos County on behalf of the Iraan-Sheffield Independent School District. However, Lemon entered into contingency-fee engagements with the Taxing Units in 2018 and with the Iraan-Sheffield Independent School District in 2017. Effective September 1, 2019, the legislature amended Chapter 2254, Subchapter C of the Texas Government Code to allow political subdivisions to enter into contingency-fee contracts for legal services

7

in certain situations. TEX. GOV'T CODE ANN. §§ 2254.003(a), .1032(a), .1036 (West Supp. 2021). The Attorney General must approve the contingency-fee contract for legal services before the contract is effective and enforceable. *Id.* § 2254.1038. Any contract entered into or arrangement made by a political subdivision in violation of Subchapter C is void as against public policy. *Id.* § 2254.110. Therefore, for any contingency-fee contract for legal services entered into by a political subdivision after September 1, 2019, the legislature has established the circumstances under which that political subdivision has the authority to enter into the contract and the consequences for the political subdivision's failure to comply with the statutory requirements. Therefore, it is unlikely that the issue presented in this case will recur.

Kinder Morgan also asserts that it does not have an adequate appellate remedy (1) because the issue of Lemon's authority to prosecute this suit eludes answer by appeal in that, if Kinder Morgan prevails, it will not appeal and, if it loses, it will have difficulty showing reversible harm from the trial court's denial of the Rule 12 motion; (2) to preserve Kinder Morgan's procedural rights under Rule 12; and (3) to protect Kinder Morgan and the courts from the burdens of litigation that would not exist absent the contingency-fee agreements. However, the issues of whether an attorney has authority to act for a party, a party's procedural rights under Rule 12 to have an unauthorized attorney removed from a suit, and the burdens on a party and the courts from litigation that was not brought by an authorized attorney are implicated whenever a trial court denies a Rule 12 motion to show authority. Generally, these concerns are not sufficient to demonstrate that a party does not have an adequate remedy by appeal. *See In re Trident Steel Corp.*, 424 S.W.3d at 129; *In re Old Am. Cty. Mut. Fire Ins. Co.*, 2014 WL 1633098, at *6; *In re Roberts*, 18 S.W.3d at 736; *Williams*, 736 S.W.2d at 260.

Finally, Kinder Morgan argues that mandamus review is necessary in order to prevent a distortion of the litigation because property tax appraisals should be

8

determined by impartial appraisers, Lemon is acting as a for-profit appraiser, and Lemon's profit motive has incentivized him to interfere with Kinder Morgan's relationships with commercial lenders in the name of the Taxing Units and to use harassing and scorched-earth litigation tactics. Kinder Morgan contends that damages are not an adequate remedy for Lemon's allegedly improper conduct because Kinder Morgan would be required to pursue a separate lawsuit and overcome Lemon's invocation of attorney immunity.

Kinder Morgan complains extensively about Lemon's tactics within the litigation and about Lemon sending requests for information to Kinder Morgan's commercial lenders. The mandamus record does not indicate that Kinder Morgan has sought any relief from Judge Armstrong pertaining to Lemon's conduct, such as requesting sanctions based on any purported discovery abuse by Lemon. *See* TEX. R. CIV. P. 215.3 (permitting a trial court to impose appropriate sanctions if it finds that a party is abusing the discovery process in seeking, making, or resisting discovery). Further, Kinder Morgan has cited to no authority that opposing counsel's behavior renders an appeal from the denial of a Rule 12 motion inadequate. Therefore, Kinder Morgan has not demonstrated that Lemon's conduct in representing the Taxing Units has so skewed the litigation process that an appeal of the denial of Kinder Morgan's Rule 12 motion would be inadequate.[2]

---

[2]In contrast, the Fort Worth Court of Appeals has granted mandamus relief from a trial court's ruling on a Rule 12 motion where both sides to the litigation claimed the right to represent a corporate party, the factfinder would be unnecessarily confused by presentations from two opposing factions claiming to represent the same party, and a binding judgment could not be entered against the party who had not authorized the attorneys to bring the litigation. *In re Salazar*, 315 S.W.3d at 287. The court held that the case was "exceptional" and that the failure to correct the trial court's ruling through mandamus would "'so skew[] the litigation process that any subsequent remedy by appeal [would be] inadequate.'" *Id*. (quoting *Travelers Indem. Co. of Conn v. Mayfield*, 923 S.W.2d 590, 595 (Tex. 1996) (orig. proceeding)). In this case, only Lemon purports to represent the Taxing Units and there is no potential that the factfinder will be confused by two different groups claiming to represent the Taxing Units and attempting to present differing versions of the case. *See In re Trident Steel*, 424 S.W.3d at 129 n.2.

*This Court's Ruling*

Because Kinder Morgan has failed to establish that it does not have an adequate remedy by appeal from Judge Armstrong's denial of Kinder Morgan's Rule 12 motion to show authority, it is not entitled to mandamus relief. Accordingly, we deny Kinder Morgan's petition for writ of mandamus.

PER CURIAM

December 17, 2021

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.